404 So.2d 925 (1981)
STATE of Louisiana
v.
Kenneth J. PRADOS.
Nos. 81-KA-0293, 81-KA-0294.
Supreme Court of Louisiana.
September 28, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, William Hall, Asst. Dist. Attys., for plaintiff-appellee.
Ferdinand Kleppner of Grisbaum & Kleppner, Metairie, for defendant-appellant.
COLE, Justice Ad Hoc.[*]
Defendant Kenneth Prados was charged by bill of information filed February 20, 1980 with two counts of armed robbery in violation of La.R.S. 14:64. On February 28, 1980 another bill of information was filed which charged the defendant with a single count of armed robbery. Initially, defendant entered pleas of not guilty on all three charges. However, after a plea bargain was reached with the state, he withdrew his former plea and pled guilty to two of the charges.[1] On September 23, 1980, after reviewing the pre-sentence investigation report, the trial court sentenced the defendant to serve 10 years at hard labor on each count, the sentences to be served concurrently.
Defendant now appeals his sentences to this Court urging the single assignment of error set forth below, i. e., the trial court erred in imposing an excessive sentence.
The following facts were adduced from the Pre-Sentence Investigation Report, *926 Transcript of Plea, and Transcript of Sentencing. On January 27, 1980, Kenneth Prados approached the desk of the Landmark Hotel with a handgun, pointed it at Ronald Crumb, and demanded all the money. The victim was told to lie on the floor and the defendant fled in an unknown direction. Approximately an hour later, the defendant entered the Holiday Inn, pointed a handgun at Mr. Burges, and demanded all the money from the register. The defendant placed the money in his pocket and exited the hotel. The victims identified the defendant through a photographic line-up as the perpetrator of the robberies.
In an interview with the probation and parole agent, the defendant admitted the commission of the crimes. He explained he had been given approximately $1,750.00 by several individuals and instructed to obtain five pounds of marijuana. Defendant stated he later told the drug dealers he was robbed of the money and they gave him only a few days to get it back. He stated he had committed the robberies because he feared for his life. The defendant admitted he smoked marijuana occasionally but does not indulge in heavy drugs. He also reiterated his claim the gun used in the robberies was not loaded.
The defense urges the two concurrent sentences of 10 years at hard labor were excessive in view of the prior record of the defendant, his youth, and the circumstances of the crime. It is argued the defendant should have been given two concurrent sentences of five years because of his youth, his unmarred record, and because the crimes had been committed with an unloaded gun while defendant was under severe pressure because of his wife's drug addiction.[2] It is also argued at the time the defendant entered the pleas of guilty, the trial judge indicated he would impose a sentence of not more than 10 years, and would reduce it if there were extenuating circumstances that came to the Court's attention. The statute on armed robbery provides for imprisonment at hard labor for not less than five and for not more than ninety-nine years, without the benefit of parole, probation, or suspension of sentence. La.R.S. 14:64.
La.Const. art. 1, § 20 prohibits the imposition by law of excessive punishment. Accordingly, we have held imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional rights against excessive punishment that is enforceable by this court on appellate review. The trial judge's reasons in imposing sentence, as required by La. Code Crim.P. art. 894.1, are an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Day, 391 So.2d 1147 (La.1980); State v. Spencer, 374 So.2d 1195 (La.1979); State v. Gist, 369 So.2d 1339 (La.1979); State v. Sepulvado, 367 So.2d 762 (La.1979). Moreover, the trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Douglas, 389 So.2d 1263 (La.1980); State v. Spencer, supra; State v. Sepulvado, supra. We have held a sentence is excessive if it is grossly out of proportion to the severity of the crime, or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Guiden, 399 So.2d 194, (La.1981), No. 80-KA-2589; State v. Bonanno, 384 So.2d 355 (La.1980).
At the sentencing hearing, the trial judge stated for the record he was imposing concurrent sentences of 10 years at hard labor because of the seriousness of the offenses, and because of the danger to the defendant and the victim during the perpetration of the crimes. He also noted the numerous contacts and letters he had received from the defendant's family, employer, and friends in support of defendant's *927 good character. The trial judge further stated:
"The only thing I know that you simply took a gun and go into motels and rob the motel. I understand the type of people that you have been dealing with. I can appreciate the fact drug dealers have simply walked in to your home and took every thing you thought might have belonged to you or your wife, where you are dealing with some pretty hard people. I can see clearly what might become of that. I understand most of the drug situation was involved with your wife primarily but that does not change the fact one of the most serious crimes in Louisiana and I feel that any sentence lesser than the sentence I am going to give you would deprecate the seriousness of the crime in your mind. I am going to sentence you to ten years on each count to be served concurrently and with good time you should be out in about sixty months."
The record reveals the defendant was twenty-three years old at the time of the commission of the offenses and was charged as a first offender. He is married but has no children. The sentence imposed by the trial court falls well within the lower range of sentences which might have been imposed under the statute.
In State v. Cox, 369 So.2d 118 (La.1979), we stated if the factual basis and individual considerations upon which the sentence is based appear in the record, review will focus upon whether the trial court's large discretion has been abused. The trial judge, in compliance with Art. 894.1, articulated reasons for the sentence imposed, taking into account both the aggravating and mitigating circumstances in the case. Cf., State v. Franks, 373 So.2d 1307 (La.1978).
On this record under Art. 894.1, there is no abuse of the trial court's discretion. Despite defendant's youth, his first offender status, and the letters received from his family and friends, he has pleaded guilty to the commission of two very serious crimes. Although defense counsel argues defendant was under severe pressure because of his wife's drug addiction, the defendant has admitted he was under pressure from drug dealers for the return of money they had given him to purchase marijuana.
The trial court had agreed to a maximum sentence of 10 years as a part of the plea bargain between the state and the defendant. Although the defense does not contend a breach of the bargain has occurred, it is argued the court should have imposed a lesser sentence based on the extenuating circumstances listed above. The trial judge, however, found the mitigating circumstances were not enough to reduce the sentences below 10 years. We agree with that conclusion, finding it to be fully supported by the record. It certainly cannot be said the trial judge abused his great discretion, considering the seriousness of the crimes involved, and the circumstances surrounding their commission.
Finding no merit in defendant's contention the trial court erred in imposing an excessive sentence, we affirm his convictions and sentences.
AFFIRMED.
NOTES
[*] Judges Grover L. Covington, Luther F. Cole and J. Louis Watkins, Jr. of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc., joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.
[1] As a part of a plea bargain, the State dismissed one of the counts in the February 20, 1980 indictment. Apparently as part of that bargain, the trial court committed itself to a sentence of no more than 10 years' imprisonment at hard labor, pending the outcome of the presentence investigation. See text, infra.
[2] In the Pre-sentence Investigation Report defendant admitted he had committed the robberies to pay off drug dealers from whom he had earlier received money to buy marijuana. In his reasons for sentence the trial judge refers to the drug involvement of both defendant and his wife.