412 So.2d 580 (1982)
STATE of Louisiana
v.
Norman PHAGANS.
No. 81-KA-2205.
Supreme Court of Louisiana.
April 5, 1982.
*581 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Kay Kirkpatrick, John Diguillio, Asst. Dist. Attys., for plaintiff-appellee.
David Randall Buckley, Baton Rouge, for defendant-appellant.
CURRAULT, Justice Pro Tem.[*]
On January 15, 1980, Norman Phagans was charged with the armed robbery of Betty Montgomery on September 28, 1979. A jury trial was begun on March 16, 1981, ending in a mistrial on March 18. A subsequent trial, concluded on March 20, 1981, ended in a unanimous guilty verdict against the defendant. On June 1, 1981, he was sentenced to serve fifteen years at hard labor without benefit of probation, parole, or suspension of sentence. From this conviction and sentence the defendant appeals on six assignments of error.
Factual Synopsis
At approximately 9:00 P.M. on September 28, 1979, two men wearing ski masks, one armed with a sawed-off shotgun and the other with a pistol, entered the Gulf Service Station on Scenic Highway and robbed Betty Montgomery, the cashier, of all the money in the cash register. Ms. Eartha Osborne was travelling southbound on Scenic Highway when she observed the two men walking to the Gulf Service Station wearing the ski masks. Suspecting a robbery, she turned her car around. She then saw the same men exit the store and get into an old green Oldsmobile. There was a woman already occupying the Oldsmobile as they drove out of a parking lot around the corner from the service station. Ms. Osborne followed the car into an apartment complex and was able to identify the first three or four digits on the license plate as "11X" or "114X". She then returned to the service station and gave the police a description of the vehicle and license number.
At approximately 10:30 P.M. Officer Pat Walsh of the Baton Rouge Police Department observed a green Oldsmobile fitting an earlier broadcasted description of the vehicle used in this robbery. Two men and a woman were in the car and the first three digits on the license plate were "11X". After radioing for assistance, Walsh pulled the vehicle over to the side of the road. Anthony Burrell, a co-defendant, was driving while the defendant Phagans and Diane Bowie, another co-defendant, were passengers. Walsh obtained consent to search the vehicle from Burrell and recovered a sawed-off shotgun, two ski masks and rolls of coins from inside the car. Walsh observed orange lint on the defendant's hair, which resembled an orange ski mask worn by one of the robbers and subsequently found in the car. All three persons were arrested.
Assignment of Error No. 1
In Assignment of Error No. 1, the defense argues that the trial court erred by admitting into evidence a photograph when, relying on the State's answers to the defense motions for discovery, the defense believed the photograph would not be introduced at trial.
Shortly after the defendant's arrest, a photograph was taken showing orange-colored lint (the color of the ski mask worn by the perpetrator) in his hair. Pre-trial Discovery Motions filed by the defendant pursuant to Louisiana Code of Criminal Procedure Articles 716 et seq. requested, among other things, to inspect photographs... *582 which are within the possession, custody, or control of the State, and which are intended for use by the State as evidence at the trial. In response to the motion, the State's answer was "none", and that if the requested items were to be used at trial, a copy would be furnished to the defendant. Subsequently, defense counsel was allowed to view and inspect all the evidence accumulated in the case, including the contested photograph. After the inspection of the State's evidence by defense counsel, an Amended Answer to Defendant's Motion for Discovery in which the State agreed not to use inculpatory statements was filed. No reference was made to the use of the photograph at trial. During trial, the State attempted to introduce the photograph. Outside the presence of the jury, defense counsel objected on the grounds that she was misled into believing that the photograph would not be introduced because a copy of it had not been sent to her, nor had the State's answers to the Discovery Motions indicated that the photograph was to be used as evidence. The State argued that the defense counsel's inspection of the photograph was all that was required per the Motion for Discovery and additionally, that since the inspection of the evidence had occurred after the filing of the State's Answer to Motion for Discovery, a tacit amendment was indicated. The trial court agreed, overruling the defendant's objection admitting the photograph into evidence.
Louisiana Code of Criminal Procedure Article 718 provides:
Subject to the limitation of Article 723, on motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect, copy, examine, test scientifically, photograph, or otherwise reproduce books, papers, documents, photographs, tangible objects, buildings, places, or copies or portions thereof, which are within the possession, custody, or control of the state, and which:
(1) are favorable to the defendant and which are material and relevant to the issue of guilt or punishment, or
(2) are intended for use by the state as evidence at the trial, or
(3) were obtained from or belong to the defendant.
The court may determine whether evidence is subject to the provisions of Paragraph (1) hereof by in-camera inspection.
Although it appears counsel may have been misled by the State's Answer to Motion for Discovery because a copy of the photograph was never sent to her, it is apparent that the State did comply with requirements of Louisiana Code of Criminal Procedure Article 718 and the specific request made by defense counsel in her Motion for Discovery.
This Court has consistently held that if a defendant is lulled into a misapprehension of the strength of the State's case as a result of the State's discovery answers and prejudice results, a reversal is warranted. State v. Davis, 399 So.2d 1168 (La.1981); State v. Statum, 390 So.2d 886 (La.1980).
However, in the present case, this Court is of the opinion that the defendant was not prejudiced as a result of the introduction of the photograph. Detective Walsh testified that he removed orange lint from the defendant's hair. The lint itself was introduced as evidence along with the orange ski mask and was inspected by the jury. Hence, the photograph was merely corroboration of the officer's testimony and as such was cumulative in nature. Additionally, as defense counsel admits, she was aware of the existence of the photograph and had inspected it prior to trial. The only prejudice resulting was being misled as to the State's trial strategy. Such does not warrant reversal.
This assignment lacks merit.
Assignments of Error Nos. 3 and 4
By these assignments, defendant contends that the trial court erred in admitting into evidence records kept by the Department of Corrections and defendant's test scores from a state police examination.
On direct examination the defendant testified that he had been employed with the *583 Department of Corrections at Angola, had quit because the drive was too far from his residence and because he was planning to take a state trooper test on the Monday following the robbery. On cross-examination he admitted that he had been terminated because a homosexual incident had taken place among the inmates under his supervision, and he had admitted to having been asleep at his post at the time. He maintained that he could have appealed the termination but did not as he had intended to change jobs anyway. He denied receiving any letter of dismissal. Additionally, on cross-examination, he denied ever having taken any previous examination to become a police officer or a state trooper. He then claimed he could not remember whether or not he had taken any examinations. And, finally, he claimed he may have taken a city police test but had never taken a test to become a state trooper. In rebuttal, Ms. Deer of the Department of Corrections testified that letters of dismissal are kept in the ordinary course of business and the dismissal letter issued to Norman Phagans was such a letter. Additionally, Ms. Deer testified that the records reflected Mr. Phagans had been employed on June 18, 1979 and terminated on August 9, 1979. Defense counsel objected to the letter as hearsay. The trial court overruled the objection and the letter was admitted into evidence. Also testifying on rebuttal was Donald Courtney, Assistant Chief of Examining of Louisiana Civil Service Department. Mr. Courtney testified that he was the custodian of records and that test results were kept in the ordinary course of business. After such foundation, and over objection of defense counsel, records were introduced that the defendant had in fact taken the state trooper test and had received a grade below passing.
In State v. Monroe, 345 So.2d 1185, 1190 (La.1977), this court laid out the applicable foundation for the admission of business records as an exception to the hearsay rule.
Before the exception may be invoked by the State against the defendant, allowing introduction of a permanent record made in the ordinary course of business from personal knowledge of the facts recorded, or from information furnished by one having a business duty to observe and report the facts, it must be shown that the person who made the record is genuinely unavailable for testimony, that he had no strong motive to misrepresent, and that in all probability the evidence is trustworthy. State v. Monroe, 345 So.2d 1185
And further, in State v. Perniciaro, 374 So.2d 1244, 2147, (La.1979) holding:
In view of the constitutional right of an accused to confront and cross-examine the witnesses against him, U. S. Constitution Amendment VI; Louisiana Constitution 1974, Article I, § 16, and the statutory prohibition against hearsay evidence, except as provided by law, Louisiana Revised Statute 15:434, a broader business records exception for the admission of hearsay against a defendant in a criminal prosecution is unwarranted.
Accordingly, in this case, the hearsay evidence offered did not conform to the elements of the business records exception and the trial erred in its admission without the proper predicate having been laid.
The State argues alternatively that the introduction of the business records evidence was harmless error.
In State v. Gibson, 391 So.2d 421 (La. 1980), this Court applied the standards enunciated in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) to determine what error may be deemed harmless. Applying the Chapman test to the present case, i.e., "whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction" and that "the court must be able to declare a belief beyond a reasonable doubt that [the error] was harmless beyond a reasonable doubt," we conclude that the error committed by the trial court in permitting the state to introduce the "hearsay documents" was harmless. The documents were of no value in linking the defendant with the robbery. Furthermore, the State's proof that the defendant was the robber *584 was very strong and in no way dependent upon the documents introduced. It is our belief that their erroneous admission into evidence was harmless beyond a reasonable doubt.
This assignment lacks merit.
Assignment of Error No. 5
By this assignment the defendant argues that the fifteen-year sentence imposed is excessive.
Louisiana Revised Statute 14:64 provides in pertinent part:
Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence.
At a sentencing hearing held on June 1, 1980, the trial judge noted that the defendant had three delinquency adjudications as a juvenile for burglary and theft, and an adult conviction for burglary prior to the instant offense. He noted that the defendant was no stranger to the legal system and further that he showed no indication of any attempt to live by the rules [of society].
The fifteen-year sentence is well within the statutory limitations for a violation of Louisiana Revised Statute 14:64. The trial judge is given wide latitude in the imposition of sentences within statutory limits and the sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Prados, 404 So.2d 925 (La.1981); State v. Douglas, 389 So.2d 1263 (La.1980); State v. Spencer, 374 So.2d 1195 (La.1979); State v. Sepulvado, 367 So.2d 762 (La.1979).
We have held that a sentence is excessive if it is grossly out of proportion to the severity of the crime, or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Prados, supra; State v. Guiden, 399 So.2d 194 (La.1981); State v. Bonnano, 384 So.2d 355 (La.1980).
Based on this defendant's record, under Code of Criminal Procedure Article 894.1, there is no abuse of the trial court's discretion. Despite the youth of the offender at the time of the offense (age twenty-one years), he is a second felony offender with a prior juvenile record and was found guilty of a very serious crime. State v. Douglas, 389 So.2d 1263 (La.1981). The sentence imposed was well within the lower range of sentences which might have been imposed under the Statute.
Considering the factual circumstances of this case and the character and propensities of the defendant, this assignment of error lacks merit.
Assignments of Error Nos. 2 and 6
These assignments were neither briefed nor argued and are therefore considered abandoned. State v. Sterling, 377 So.2d 58 (La.1979); State v. Spencer, 374 So.2d 1195 (La.1979).

DECREE
Finding no reversible error in defendant's assignments of error, we affirm his conviction and sentence.
NOTES
[*] Judge Walter I. Lanier, Jr. of the Court of Appeal, First Circuit and Judges Fred S. Bowes and Nestor L. Currault, Jr. of the Twenty-Fourth Judicial District Court participated in this decision as Associate Justices pro tempore, joined by Associate Justices Calogero, Dennis, Blanche and Lemmon.