442 So.2d 1162 (1983)
STATE of Louisiana, Appellee,
v.
Estelle GRANIER, Appellant.
No. CR83-370.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1983.
Writ Denied January 6, 1984.
*1163 J. Michael Small and Kathrine S. Williamson, Small, Small, Williamson & Brocato, Alexandria, for appellant.
Joseph P. Beck, II, Dist. Atty., Gregory N. Wampler and James Buck, Asst. Dist. Attys., Colfax, for appellee.
Before FORET, STOKER and YELVERTON, JJ.
FORET, Judge.
Following the denial of a pre-trial motion to suppress, defendant, Estelle Granier, pleaded guilty to the charge of illegal possession of stolen goods of a value of $500 or more, a violation of LSA-R.S. 14:69. She was subsequently sentenced to three years at hard labor and a $2,000 fine[1]. On *1164 appeal, defendant relies on two assignments of error for reversal of her conviction and sentence:
(1) The trial court erred in denying her motion to suppress and,
(2) The trial court erred in imposing an excessive sentence in violation of the Louisiana Constitution's prohibition against the infliction of cruel and unusual or excessive punishment.

FACTS
On the evening of November 3, 1981, Estelle Granier, Nep Lewis, and Elvis Lane left their homes in Ascension Parish and drove to Grant Parish. Mrs. Granier drove her Dodge van, while Mr. Lane drove a truck which was pulling a rented U-Haul trailer. During the course of the following day, the three burglarized the Summerfield Baptist Church and a nearby residence. The stolen items were stored in the trailer and parked at a roadside rest area near Lake Buhlow Park, in Rapides Parish. Mrs. Granier and her two companions were arrested on November 4, 1981, and charged with simple burglary.
Based on the affidavit of L.T. Hattaway, a member of the Grant Parish Sheriff's Department, a warrant was issued for the search of the U-Haul trailer. Pursuant to the execution of that warrant, several items[2] were seized which form the basis of the instant prosecution.
Seeking to exclude the items seized during the search of the trailer, Mrs. Granier filed a pre-trial motion to suppress. That motion was denied. On January 24, 1983, Mrs. Granier pleaded guilty to the lesser charge of illegal possession of stolen goods, but reserved her right to appeal the trial court's ruling on the motion to suppress. State v. Crosby, 338 So.2d 584 (La. 1976).

ASSIGNMENT OF ERROR NUMBER 1
By this assignment, defendant contends that the trial court erred in not granting her pre-trial motion to suppress because the affidavit upon which the search was based did not contain sufficient information to establish probable cause.[3] The affidavit reads as follows:
"On November 5, 1981, your affiant, L.W. Hattaway, had occasion to interview Estelle Granier, after establishing probable cause to arrest Granier, Elvis J. Lane and Nep Lewis for burglary. During the interview, your affiant was told 12 church benches were stored in the above described U-Haul truck. She further stated these benches were taken from a church between Krotz Springs, Louisiana and Alexandria, Louisiana. An official police report reflects that Nep Lewis, another of the arrestees, related to Robert Sanders, the arresting officer, stated the above listed merchandise was stolen from the Summerfield Baptist Church located in Grant Parish, and is presently in the above described U-Haul truck, which he stated was located in a roadside park next to a lake near Alexandria, Louisiana."
In deciding whether to issue a search warrant, the magistrate's task is to make a practical, common sense decision, based on all the circumstances set forth in the affidavit, whether there is a fair probability that evidence of a crime will be found in the area to be searched. In evaluating the magistrate's decision, the reviewing court's task is to determine if he had a substantial basis for concluding that probable cause existed. State v. Lingle, 436 So.2d 456 (La.1983). Because we find that the magistrate had a substantial basis for *1165 concluding probable cause existed, we affirm the trial court's denial of defendant's motion to suppress.
Defendant first argues that the affidavit is invalid because it does not contain any information which would establish that criminal activity had taken place. State v. Loehr, 355 So.2d 925 (La.1978). Defendant contends that her statement that certain items were "taken" and "stored" were equally consistent with innocent behavior. State v. Boksham, 370 So.2d 491 (La.1979).
Affidavits are tested and interpreted in a realistic and practical fashion because they are drafted by non-lawyers in the midst and haste of criminal investigation. Technical requirements of elaborate specificity are not required. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).
In and of itself, the word "taken" does not connote criminal behavior, but the affidavit clearly states that Mrs. Granier's statements were given in the form of an admission after her arrest for burglary. Thus, the word "taken" could reasonably be interpreted as meaning "stolen". In addition, the statement by Nep Lewis, one of the participants in the crime, that those same items were stolen, clearly shows that a crime had been committed. Reading the affidavit from a common sense approach, the magistrate had sufficient facts to establish a substantial basis for his belief that criminal activity had taken place.
Defendant next argues that the affidavit contains no facts which would support a finding that the information related by Mrs. Granier and Mr. Lewis was reliable or that the two were, in any way, credible informants. The statements were made in the form of admissions, and therefore were statements against their penal interests. Because of this fact, the magistrate had sufficient evidence that the information was reliable and the informants credible. State v. Mosely, 412 So.2d 527 (La.1982); State v. Huff, 392 So.2d 1046 (La.1980). Looking at the affidavit as a whole, in a common sense and practical approach, we find that the magistrate had a substantial basis for concluding that probable cause existed. Therefore, this assignment has no merit.

ASSIGNMENT OF ERROR NUMBER 2
By this assignment, the defendant contends that the sentence imposed upon her constitutes cruel, excessive, and unusual punishment. LSA-Const., Art. 1, § 20; State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is excessive if it is grossly out of proportion to the severity of the crime, or if it is nothing more than a purposeless and needless imposition of pain and suffering. State v. Phagans, 412 So.2d 580 (La.1982). However, the trial judge is given wide discretion in the imposition of sentences and his decision should not be upset absent a manifest abuse of discretion. State v. Prados, 404 So.2d 925 (La.1981).
A trial judge's reasons for sentence, as required by C.Cr.P. Art. 894.1, are an important aid to an appellate court when called upon to review a sentence complained of as excessive. State v. Jones, 412 So.2d 1051 (La.1982). The record reflects that the trial judge adequately considered the guidelines before his imposition of the sentence. He specifically mentioned several factors which influenced his decision and thoroughly evaluated all aggravating and mitigating circumstances applicable to the defendant. The court also relied on an extensive pre-sentence investigation report and considered numerous letters written on behalf of the defendant. We also note that the sentence was well within the lower range of sentences which might have been imposed under the statute.[4]
Considering all the factual circumstances of the case, and the detailed reasons for *1166 judgment given by the trial judge, this assignment lacks merit.

DECREE
For the reasons set forth above, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] In default of the fine, defendant would serve six months in the parish prison.
[2] Stolen from the church were a mimeograph machine, an electric typewriter, and several pieces of furniture. Stolen from the residence were various tools and a chest.
[3] La.C.Cr.P. Article 162 provides:

"Art. 162. Issuance of warrant; affidavit; description
A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant."
[4] The maximum sentence for illegal possession of stolen things when the value of the things is $500 or more, shall be imprisonment for not more than 10 years or a fine of not more than $3,000, or both.