LANIER, Judge.
The defendant, Narry Chaney, was charged with attempted second degree murder in violation of La.R.S. 14:27 and 30.1. After a trial by jury, he was found guilty of the responsive verdict of aggravated battery in violation of La.R.S. 14:34. *267 La.C.Cr.P. art. 814(A)(4). Chaney was then charged as a habitual offender for a previous felony conviction of theft in violation of La.R.S. 14:67 for which he was sentenced to serve seven years at hard labor in the custody of the Louisiana Department of Corrections. La.R.S. 15:529.1(A)(1). Chaney was arraigned on the second felony offender bill of information and admitted the allegations contained therein. Chaney was sentenced to serve eighteen years at hard labor in the custody of the Louisiana Department of Corrections and to pay the costs of the prosecution. In default of payment of the costs of prosecution, Chaney was ordered to serve an additional year at hard labor. La.C.Cr.P. art. 884.
The only issue raised in this appeal is that the sentence imposed is excessive. A majority of the Louisiana Supreme Court has held that Article I, Section 20 of the Louisiana Constitution of 1974 prohibits the imposition by law of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant’s constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). The trial judge is given a wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Prados, 404 So.2d 925 (La.1981); State v. Douglas, 389 So.2d 1263 (La.1980); State v. Spencer, 374 So.2d 1195 (La.1979). The authorized sentence for a defendant convicted of aggravated battery as a second felony offense is to be fined not more than $5,000 or imprisoned with or without hard labor for not less than three and one-third years nor more than twenty years or both. La.R.S. 14:34; La.R.S. 15:529.1(A)(1).
The evidence adduced at the trial indicated that on August 23, 1982, the victim, Charles Hutchinson, confronted Chaney who was leaning over the open drawer of the cash register in Hutchinson’s place of business. Hutchinson asked Chaney what he was doing, and Chaney replied that he was doing nothing. Hutchinson attempted to call the police, and Chaney pulled a screwdriver and attacked him. Chaney first struck Hutchinson on the head and then stabbed him in the neck. The first blow dazed Hutchinson, and the second knocked him to the floor. Hutchinson went to a doctor who cleaned the wounds and gave him a tetanus shot. Hospitalization or stitches were not required, and the wounds apparently did not produce disability-
In his reasons for sentence, the trial judge outlined Chaney’s prior history of criminal activity as follows:
A review of your record indicates that as an adult you were first arrested for charges of auto-theft, theft, first degree murder, resisting an officer in 1974 — attempt murder, excuse me. There is no disposition shown on your arrest sheet as to those charges. November 7th, 1974, you were arrested for auto-theft, simple assault of a police officer, resisting an officer, fleeing to allude. You pled guilty to unauthorized use of a movable and interfering with an officer on the 3rd of March, 1975, as to that charge. On March 26th, 1975, you were charged with unauthorized use of a movable, negligent entering, theft, interfering with a police officer; convicted of two counts of unauthorized use of a movable and placed on probation; convicted of one count of negligent injury, given six months in jail; convicted of theft, given six months in jail; convicted of interfering with an officer, given six months in jail. Those charges apparently arose out of the original arrest in 1974. You subsequently were arrested March the 16th of 1975 for auto-theft, resisting an officer; arrested July the 2nd of 1975 for illegal carrying of a weapon, criminal mischief, auto-theft, felony theft. And the record shows that June 14th, 1976, that you entered pleas of guilty to all of the charges. Arrested on the 11th of April, 1976, on a charge of theft and convicted; and that is the charge which is the basis for this habitual offender petition. You *268 were sentenced to serve seven years in the Department of Corrections. You were discharged from that sentence on August the 23rd of 1979. There was a detainer from the U.S. Marshal’s Office placed on you at that time. You were charged by the federal government July 2nd of 1976 with possession of a weapon made from a shotgun. And that apparently was the detainer which was placed on you. July 9th of 1976, you were charged with simple battery and aggravated battery. You were convicted of simple battery and sentenced to six months in the parish jail on February 24th, 1977. Subsequent to your release in 1979 on the state charge, you were convicted on the federal charge of possession of an unregistered firearm and were sentenced to serve two years confinement in the Federal Correctional Institute in El Reno, Oklahoma. You were released in 1981. You were arrested on July 16th of 1981, and charged with simple battery, simple criminal damage to property. Those cases, however, were subsequently dismissed. Arrested for aggravated battery, August 10th of 1981, dismissed for insufficient evidence by the state. Arrested for simple burglary, September 6th of 1981; again for simple robbery and simple burglary, February 18th of 1982; Misdemeanor theft by shoplifting; resisting an officer, July 1st of 1982; theft, simple assault, illegal carrying of a weapon, August 19th of 1982. Aggravated burglary, attempted first degree murder, criminal trespass in this particular case which resulted in this conviction. I think it’s obvious from that that you have quite a lengthy record as an adult.
The record in this case does not support the defendant’s claim of an excessive sentence. The defendant has been involved in criminal activity during all of his adult life. Considering the defendant’s extensive record of anti-social behavior, and in particular his previous offenses of crimes of violence against the person, we cannot say that the sentence imposed by the trial judge is an abuse of the much discretion that he has in imposing sentence. State v. Brown, 410 So.2d 1043 (La.1982). Accordingly, the sentence imposed by the trial court is affirmed.
AFFIRMED.