448 So.2d 1387 (1984)
STATE of Louisiana, Appellee,
v.
Paula Sue RAINWATER, aka Paula Haley, Appellant.
No. CR83-793.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1984.
Rehearing Denied May 10, 1984.
*1388 John Crochet, Rogers, St. Romain & Oubre, Lake Charles, for appellant.
Leonard Knapp, Jr., Dist. Atty., Robert R. Bryant, Asst. Dist. Atty., Lake Charles, for appellee.
Before GUIDRY, FORET and CULPEPPER[*], JJ.
FORET, Judge.
Defendant, Paula Sue Rainwater, aka Paula Haley, was charged in one bill of information with five counts of accessory after the fact to burglary of an inhabited dwelling, and one count of accessory after the fact to simple burglary. In a separate bill of information, defendant was also charged with accessory after the fact to felony theft. LSA-R.S. 14:25. She pleaded guilty to all charges, and, on June 24, 1983, was sentenced to eighteen months in the Department of Corrections on each charge. The eighteen-month sentences for the first three counts of accessory after the fact to burglary of an inhabited dwelling were to run consecutively. All other sentences were to be served concurrently. In all, four and one-half years were to be served consecutively.
Since defendant was charged with accessory after the fact to felony theft in a separate bill of information, her conviction on this charge has been appealed separately (our docket number CR 83-792). The issues in both appeals are the same and they will be treated fully in this decision[1].
On appeal, defendant makes the following assignments of error:
(1) The sentence imposed was cruel, unusual and excessive;
(2) The court failed to state for the record the considerations taken into account and factual basis therefor in imposing sentence as required by LSA-C.Cr.P. Article 894.1.
(3) The sentencing judge abused his discretion by recalling a pre-sentence investigation that he had previously ordered.

ASSIGNMENT OF ERROR NUMBER 1.
By this assignment, the defendant contends that the sentences violated the constitutional prohibition against cruel, excessive, and unusual punishment. LSA-Const., Art. 1, § 20; State v. Sepulvado, *1389 367 So.2d 762 (La.1979). A sentence is excessive if it is grossly out of proportion to the severity of the crime, or if it is nothing more than a purposeless and needless imposition of pain and suffering. State v. Phagans, 412 So.2d 580 (La.1982). The trial judge, however, is given wide discretion in the imposition of sentences and his decision should not be disturbed absent a manifest abuse of this discretion. State v. Prados, 404 So.2d 925 (La.1981); State v. Feeback, 414 So.2d 1229 (La.1982).
Given the number of charges against defendant, and the nature of her crimes, the sentences imposed were not excessive. The court could have imposed sentences of up to thirty-five years. The sentences it did impose on defendant were well within the lower range of the sentencing scale. Although defendant had no prior felony convictions, she had a lengthy arrest record that showed she had been convicted of, among other things, resisting arrest and criminal mischief. We also note that the criminal acts of defendant were not isolated in time, but occurred over a number of months.
Considering all of the circumstances of this case, we find that the sentences imposed were neither cruel, unusual, nor excessive. The trial judge did not abuse his broad discretion in sentencing defendant.
This assignment is without merit.

ASSIGNMENT OF ERROR NUMBER 2.
By this assignment, the defendant contends that the trial judge erred in his imposition of sentences because he did not follow the guidelines set forth in LSA-C.Cr.P. Article 894.1. The record indicates, however, that the trial judge did follow the guidelines set forth in Article 894.1. Before sentencing the defendant, the judge specifically mentioned several factors which influenced his decision. He stated that defendant had no respect for and freely violated the sanctity of private homes, and the right of inhabitants to be secure in their goods and effects. He concluded that defendant was in need of correctional treatment and that a lesser sentence would deprecate the seriousness of defendant's crimes. The record shows that the trial judge considered a letter written to him by defendant, and a plea on defendant's behalf by her father. The trial judge stated in his reasons for sentencing that he had not found any circumstances which would justify the suspension of sentence or probation.
The trial judge need not articulate every factor mentioned in the guidelines which he considered in imposing sentence. State v. Straughter, 406 So.2d 221 (La. 1981). The requirements of Article 894.1 are fulfilled when the record affirmatively shows that the trial judge considered the statutory sentencing guidelines. State v. Brooks, 431 So.2d 865 (La.App. 2 Cir.1983); State v. McDermitt, 406 So.2d 195 (La. 1981). In the present case, the record shows that the trial judge considered the guidelines in imposing sentence and articulated at least some of those which influenced his sentence. Accordingly, we find that the trial judge did not violate Article 894.1.
However, we point out that even if the trial judge had not complied with Article 894.1, there would be no need for resentencing in the instant case. Non-compliance with the statute does not automatically require that the sentence be set aside. Even if the trial judge does not adequately consider the guidelines of Article 894.1, where a sentence imposed is not apparently severe and is in the lower range of the sentencing scale, the appellate court need not remand for compliance with Article 894.1. State v. Jones, 412 So.2d 1051 (La. 1982); State v. Bowick, 403 So.2d 673 (La. 1981); State v. Day, 391 So.2d 1147 (La. 1980).
In the instant case, the sentence of four and one-half years to be served consecutively was well within the lower range of the sentencing scale, whose upper limit was thirty-five years. Considering the crimes to which defendant plead guilty and all the circumstances surrounding their commission, we do not think that the sentences imposed were apparently severe. Therefore, even if we thought that the trial *1390 judge had not followed the guidelines of Article 894.1, we would not remand this case for resentencing.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 3.
In her last assignment of error, defendant contends that the trial court abused its discretion in recalling the pre-sentence investigation. After the defendant had plead guilty, the trial judge ordered a pre-sentence investigation, but later recalled it. The trial judge evidently felt that the record contained enough information concerning defendant for him to make a decision regarding sentencing.
It is well settled that under LSA-C. Cr.P. Article 875, the pre-sentence investigation is discretionary, not mandatory, with the trial court. State v. Williams, 420 So.2d 1116 (La.1982). While acknowledging this, defendant maintains that once the trial judge ordered the pre-sentence investigation, he had no power to recall it. Defendant points to several portions of Article 875 which contain the word "shall".
"All such reports shall be made within sixty days of conviction except that when the defendant is released on bond pending imposition of sentence, such reports shall be made within ninety days of conviction. In making the investigation, the probation officer shall inquire into the circumstances attending the commission of the offense, the defendant's history of delinquency or criminality, his family situation and background, economic and employment status, education and personal habits." LSA-C.Cr.P. Article 875. (Emphasis ours.)
While defendant is correct in pointing out the mandatory nature of these passages, he is incorrect to conclude that they divest the trial judge of the right to, in his discretion, recall a pre-sentence investigation. These mandates regulate the time for making a report, and what will be included in the report. They clearly do not denote an intention to take away the trial court's discretion to forego the preparation and use of a pre-sentence investigation in imposing sentence. The trial judge, who is vested with the discretion to order a pre-sentence investigation, maintains the discretion to recall that order.
This assignment of error is without merit.
For the above mentioned reasons, the convictions and sentences of defendant are affirmed.
AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired, Judge Ad Hoc.
[1] For our opinion rendered in CR 83-792, see State v. Rainwater, 448 So.2d 1390 (La.App. 3 Cir.1984).