FORET, Judge.
Defendant, Terry Lane Walker, was charged with the theft of property valued at more than $500, in violation of LSA-R.S. 14:67. Defendant plead guilty. The trial court sentenced defendant to serve three years at hard labor and to pay a fine of $1,000. In the event that defendant failed to pay the fine and court costs, the court *589 provided that defendant should serve one year at hard labor. The trial court suspended the prison term and placed defendant on supervised probation. A special condition of defendant’s probation was that he serve ninety days in the parish jail.
Defendant has appealed his conviction and sets forth three assignments of error in which he claims that the trial court erred in the following respects:
(1) In failing to properly apply the sentencing guidelines set forth in Art. 894.1 of the Louisiana Code of Criminal Procedure.
(2) In failing to state for the record the considerations taken into account and the factual basis therefor, in imposing sentence on the defendant, as required by Art. 894.1 of the Louisiana Code of Criminal Procedure.
(3) In imposing sentence which, under the circumstances applicable to the defendant, is excessive and an arbitrary infliction of severe punishment resulting in cruel and unusual punishment of the defendant.
FACTS
A pickup truck belonging to Emmett Smallwood was parked outside of a bar called the Beer Stop, which is located in Many, Louisiana. In the back of the truck were five Mercury outboard motors. Defendant, Terry Lane Walker, and Robert Valmore Byles, Jr. were drinking in the bar. As they left, defendant and Byles took three of the outboard motors from the back of Smallwood’s truck and put them in their own truck. The two men drove away with the outboard motors which they hid at some other location. They then returned to the bar and continued drinking. Defendant and his accomplice were apprehended, and the stolen property was returned to its owner.
ASSIGNMENTS OF ERROR 1 and 2
By these assignments of error, defendant argues that the trial court failed to follow the sentencing guidelines of Art. 894.1 of the Louisiana Code of Criminal Procedure. These assignments of error are without merit as the sentencing judge followed the guidelines in an exemplary fashion. At the sentencing hearing, the sentencing judge, in accordance with Art. 894.1, considered the aggravating and mitigating circumstances in great detail. He noted that defendant had been arrested several times and had also been convicted of two misdemeanors. He also noted that defendant had failed to appear in court on a number of occasions. The sentencing judge explained to defendant that the law mandated that he consider the mitigating factors of 894.1. In accordance with this mandate, he noted that the victim of defendant’s criminal actions had not suffered any loss or damage since the motors had been returned. The sentencing judge proceeded to consider the other mitigating factors of 894.1, finding a number of them inapplicable to defendant. He noted that since defendant was single, there was no one other than defendant who would suffer any financial hardship if defendant were imprisoned. The judge also noted a lack of remorse on the part of defendant and concluded that defendant would not respond affirmatively to a sentence that involved no jail time. In the judge’s opinion, based on defendant’s past conduct, it was impossible to conclude that defendant was unlikely to commit another crime. The sentencing judge also specifically noted that there were no grounds tending to excuse defendant’s crime, nor was there any indication that defendant had acted under strong provocation.
The sentencing judge need not articulate every factor mentioned in the guidelines which he considered in imposing the sentence. State v. Straughter, 406 So.2d 221 (La.1981). The requirements of Art. 894.1 are fulfilled when the record affirmatively shows that the trial judge considered the statutory sentencing guidelines. State v. Brooks, 431 So.2d 865 (La. *590 App. 2 Cir.1983); State v. McDermitt, 406 So.2d 195 (La.1981). In the present case, the record shows that the sentencing judge considered most, if not all, of the factors set forth in the article. There is no question that the sentencing judge fulfilled the requirements of Art. 894.1.
ASSIGNMENT OF ERROR NO. 3
By this assignment, the defendant contends that the sentence imposed violated the constitutional prohibition against cruel, excessive, and unusual punishment. LSA-Const. Art. 1, § 20; State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is excessive if it is grossly out of proportion to the severity of the crime or if it is nothing more than a purposeless and needless imposition of pain and suffering. State v. Phagans, 412 So.2d 580 (La.1982). Nevertheless, the trial judge is given wide discretion in the imposition of sentences, and his decision shall not be disturbed absent a manifest abuse of this discretion. State v. Prados, 404 So.2d 925 (La.1981); State v. Feeback, 414 So.2d 1229 (La.1982).
The maximum penalty for the theft of property valued in excess of $500 is ten years imprisonment and a fine of not more than $3,000. The three-year prison term to which the judge sentenced defendant is well within the lower range of the sentencing scale. Moreover, the sentence was suspended. The ninety days which defendant must serve as a special condition of his probation is not excessive in light of the crime which defendant committed. With due consideration given to all of the circumstances of this case, we must conclude that the sentence imposed was neither cruel, unusual, nor excessive.
DECREE
For the foregoing reasons, the judgment and sentence of the trial court are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs for the reasons expressed in numerous previous cases that appellate courts should not be made to review sentences for excessiveness.