STOKER, Judge.
The defendant, W.D. Paris, was charged by bill of information with four counts of arson with intent to defraud, a violation of LSA-R.S. 14:53, and two counts of simple burglary of an inhabited dwelling, a violation of LSA-R.S. 14:62.2. The defendant subsequently entered a plea of not guilty to all the charges against him. On October 21, 1985 the defendant, by oral motion, pleaded guilty to two counts of arson with intent to defraud and one count of simple burglary of an inhabited dwelling. The defendant then waived all sentencing delays and was sentenced to four years at hard labor on each count of arson with intent to defraud and eight years for one count of simple burglary of an inhabited dwelling. These three sentences are to run consecutively.
The defendant was charged with setting various fires to defraud insurance companies during 1983 and 1984. These fires included: (1) his former wife’s 1982 Oldsmobile in Monroe, (2) a restaurant known as Bo’s Catfish House in Ferriday, Louisiana, (3) his mobile home in Ferriday, and (4) a residence located at 604 Myrtle Street in Vidalia, Louisiana. The record also reflects that the defendant had been involved in numerous fires in the last 15 years.
The defendant was also charged as a codefendant in the burglaries of two inhabited dwellings in Jonesville.
The defendant contends that the trial judge imposed an unconstitutionally excessive sentence which offends all concepts of public conscience by punishing the offenses and not the offender. Specifically, the defendant argues that he has no prior criminal record and should have received probation or a lesser sentence.
A sentence is excessive if it is grossly out of proportion to the severity of the crime, or if it is nothing more than a purposeless and needless imposition of pain and suffering. State v. Phagans, 412 So.2d 580 (La.1982). However, the sentencing judge is given wide discretion in the imposition of sentences, and his decision should not be upset absent a manifest *430 abuse of discretion. State v. Prados, 404 So.2d 925 (La.1981); State v. Granier, 442 So.2d 1162 (La.App. 3d Cir.1983), writ denied, 444 So.2d 1214 (La.1984).
In the present ease the defendant pleaded guilty to two counts of arson with intent to defraud and one count of simple burglary of an inhabited dwelling. For each count of arson with intent to defraud the defendant could have been sentenced to a maximum fine of $10,000 and five years at hard labor. LSA-R.S. 14:53. For the one count of simple burglary of an inhabited dwelling the defendant could have been sentenced to 12 years at hard labor. LSA-R.S. 14:62.2. However, on each count of arson with intent to defraud, the defendant was sentenced to four years at hard labor. For the one count of simple burglary of an inhabited dwelling, the defendant was sentenced to eight years at hard labor. These three sentences are to run consecutively.
The sentencing transcript reveals the trial judge’s deliberations in sentencing the defendant. He properly reviewed the presentence investigation and carefully followed the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1. The record reflects that the trial judge specifically mentioned several factors which influenced his decision and thoroughly evaluated all aggravating and mitigating circumstances applicable to the defendant.
Defendant’s status as a first offender does not preclude a sentence of incarceration, which sentence is within the trial judge’s discretion. In support of the sentence, the trial judge stated that in setting fires to dwellings, it is possible that either someone inside the dwelling or someone putting out the fire could be harmed. The possibility of harm resulting from these fires also supports the trial judge’s decision to impose consecutive instead of concurrent sentences.
In considering all the factual circumstances and the trial judge’s detailed reasons for sentencing, we do not find that the defendant’s sentences were excessive.
AFFIRMED.