FORET, Judge.
Defendant, Courtney B. Johnson, was charged by bill of information with simple escape, a violation of La.R.S. 14:110(A). Defendant subsequently entered a plea of not guilty. On September 9 and 10, 1985, the defendant proceeded to trial before a six-person jury and was found guilty as charged. On January 29, 1986, defendant was sentenced to five years at hard labor, to run consecutively with any sentence he is already subject to.
FACTS
On August 21,1980, defendant and Reginald Cranson were found to be missing from the Vernon Parish jail. On that date, assisted by two women who picked them up in a car outside the Vernon Parish jail, the two prisoners, who had been trustees, drove to Jasper, Texas.
Defendant eventually travelled to Houston, Texas, where he was living under an assumed name until he was apprehended there for criminal activity and ultimately returned to the Vernon Parish jail. At the time of his escape, defendant was serving a mandatory life sentence for distribution of heroin[1].
ASSIGNMENTS OF ERRORS 1 and 2
In these two assignments of error, defendant contends that the bill of information does not meet the formal requirements set forth in La.C.Cr.P. art. 463 and that the evidence does not establish beyond a reasonable doubt that the defendant was in legal custody at the time of the escape.
Although defendant had perfected these two assignments of error in the lower court, he has expressly abandoned them on appeal. Assignments of error neither briefed nor argued are considered abandoned on appeal. State v. Martin, 486 So.2d 333 (La.App. 3 Cir.1986); State v. Jones, 478 So.2d 764 (La.App. 3 Cir.1985); State v. Alexander, 437 So.2d 991 (La.App. 3 Cir.1983); State v. Dewey, 408 So.2d 1255 (La.1982).
These two assignments are therefore considered abandoned.
ASSIGNMENT OF ERROR NO. 3
Through this assignment of error, defendant contends that the sentence imposed is unconstitutionally excessive..
A sentence is excessive if it is grossly out of proportion to the severity of the crime or if it is nothing more than a purposeless and needless imposition of pain and suffering. State v. Phagans, 412 So.2d 580 (La.1982). However, the sentencing judge is given wide discretion in the imposition of sentences, and his decision should not be upset absent a manifest abuse of discretion. State v. Prados, 404 So.2d 925 (La.1981); State v. Granier, 442 So.2d 1162 (La.App. 3 Cir.1983), writ denied, 444 So.2d 1214 (La.1984); State v. Bonanno, 384 So.2d 355 (La.1980); State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Abercrumbia, 412 So.2d 1027 (La.1982); State v. Morgan, 428 So.2d 1215 (La.App. 3 Cir.1983), writ denied, 433 So.2d 166 (La.1983).
In this case, the defendant was convicted of simple escape and sentenced to the maxi *432 mum of five years at hard labor, pursuant to La.R.S. 14:110.
At the time of his escape, defendant was serving a sentence of life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence as a result of his conviction for distribution of heroin.
The sentencing transcript reveals the trial judge’s deliberations in sentencing the defendant. The trial judge properly reviewed the pre-sentence investigation report and carefully followed the guidelines set forth in La.C.Cr.P. art. 894.1. The record reflects that the trial judge specifically considered the following factors which influenced his decision and thoroughly evaluated all aggravating and mitigating circumstances applicable to the defendant. The factors the judge considered are:
(1) Defendant and another inmate escaped together,
(2) Provocation was not a factor, and defendant’s conduct was neither excused nor justified,
(3) Defendant had a prior criminal record,
(4) Defendant was not married and had no legal dependents,
(5) Defendant received ten disciplinary reports while in prison,
(6) There was nothing in the record to recommend anything other than incarceration.
We do not believe that the five-year sentence is excessive, especially in light of the fact that defendant was already serving a term of mandatory life imprisonment, without parole, for the distribution of heroin, and that he was implicated in criminal activity in the Houston area after his escape. The record reflects that the defendant is a hardened criminal. Consequently, the five-year sentence is not excessive. State v. Armstead, 432 So.2d 837 (La.1983); State v. Carter, 412 So.2d 540 (La.1982).
Defendant also contends that in making the sentence consecutive to the mandatory life sentence, his sentence is clearly excessive. This argument is also without merit because La.R.S. 14:110(A) provides for a mandatory consecutive sentence. La.R.S. 14:110(B)(3).
DECREE
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. In 1977, defendant was convicted and sentenced to life imprisonment for distribution of heroin. On August 1, 1980, he was resentenced on that same charge.