LABORDE, Judge.
The defendant, Cleveland Hatten, was charged by bill of information with aggravated burglary, a violation of La.R.S. 14:60. The defendant initially pleaded not guilty to this charge, but subsequently entered a plea of guilty to the lesser charge of simple burglary, a violation of La.R.S. 14:62. On April 8,1986, after a presentence investigation, the defendant was sentenced to three (3) years at hard labor.
FACTS
On March 6, 1985, the defendant, along with several co-defendants, took part in a burglary of a residence in Whitehall, La-Salle Parish, Louisiana. Several guns and some jewelry were taken. No one was home when the crime was committed.
ASSIGNMENT OF ERROR
Through this assignment of error the defendant contends that the trial court erred in that the sentence imposed was excessive in light of the defendant’s prior record and other matters as evidenced by the sentencing hearing.
OPINION
A sentence is excessive if it is grossly out of proportion to the severity of the crime, or if it is nothing more than a purposeless and needless imposition of pain and suffering. State v. Phagans, 412 So.2d 580 (La.1982). However, the sentencing judge is given wide discretion in the imposition of sentences and his decision should not be upset absent a manifest abuse of discretion. State v. Prados, 404 So.2d 925 (La.1981); State v. Granier, 442 So.2d 1162 (La.App. 3d Cir.1983), writ denied, 444 So.2d 1214 (La.1984).
In the present case the defendant pleaded guilty to simple burglary, a violation of La.R.S. 14:62. As a result, the defendant could have been sentenced to a maximum of twelve (12) years at hard labor. La.R.S. 14:62. The record reflects, however, that the defendant was sentenced to only three (3) years at hard labor.
The sentencing transcript reveals the trial judge’s deliberations in sentencing the defendant. The trial judge properly reviewed the presentence investigation and carefully followed the sentencing guidelines set forth in La.C.Cr.P. art. 894.1 in individualizing the sentence to this particular defendant.
The record reflects that the trial judge specifically mentioned several factors which influenced his decision and thoroughly evaluated all aggravating and mitigating circumstances applicable to the defendant.
The defendant’s status as a first time felony offender does not preclude the sentence of incarceration. The trial judge noted that the defendant had numerous prior misdemeanor convictions, including several felony charges which were subsequently reduced to lesser offenses. The judge also noted that his burglary involved the theft of guns which indicates that if the residents had returned home at the wrong time, more serious harm may have resulted.
Considering the circumstances of this case and the detailed reasons for sentencing recited by the trial judge, it appears the sentence was clearly individualized to this particular defendant and that a sentence of *434 three (3) years for simple burglary is not excessive. We therefore affirm.
AFFIRMED.