FORET, Judge.
Defendant, Benjamin Weil, III, was charged with possession of stolen things having a value of $500 or more, in violation of La.R.S. 14:69. A jury of six persons found defendant guilty as charged, and the trial court sentenced him to serve one year at hard labor. Defendant has appealed his sentence, making two assignments of error in which he claims that:
(1) The trial court failed to comply with the sentencing guidelines contained in La.C.Cr.P. art. 894.1; and
(2) The trial court erred in imposing an excessive sentence.
ASSIGNMENT OF ERROR NO. 1
In his first assignment, defendant contends that the trial court did not follow the sentencing guidelines of La.C.Cr.P. art. *17 894.1 in imposing sentence. Under this article, the trial court must set out specific reasons which relate to the particular defendant and his particular sentence. State v. Morgan, 428 So.2d 1215 (La.App. 3 Cir.1983), writ denied, 433 So.2d 166 (La.1983). However, this does not require the trial court to articulate every aggravating or mitigating circumstance set forth in the sentencing guidelines so long as the record reflects that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Morgan, supra. In the present case, the trial court specifically noted that it was necessary to consider the sentencing guidelines of Art. 894.1 in imposing sentence on defendant. In mitigation of defendant’s crime, the trial court noted that the defendant had never been convicted of a crime before. He also noted that defendant was a police officer “who did his job” and who was “well thought of [in his] community.” As an aggravating factor, the trial court found that, although defendant’s crime did not involve the use of his status as a police officer, nevertheless he had abused the public trust afforded officers of the peace. The court also considered that any lesser sentence would deprecate the seriousness of defendant’s offense.
Even if we were to accept defendant’s contention that the trial court did not adequately follow the sentencing guidelines, we would not feel compelled to remand the case for resentencing. In cases where the sentence imposed is in the lower range of possible sentences and is not apparently excessive, we need not remand the case for strict compliance with La.C.Cr.P. art. 894.1. State v. Jones, 412 So.2d 1051 (La.1982); State v. Rainwater, 448 So.2d 1387 (La.App. 3 Cir.1984). The statutory maximum sentence for possession of stolen things having a value of $500 or more is imprisonment for ten years with or without hard labor and a fine of $3,000. Defendant’s sentence of one year was well within the lower range of sentencing alternatives, and the record adequately supports the trial court’s sentence.
ASSIGNMENT OF ERROR NO. 2
In this assignment of error, defendant argues that the sentence which the trial court imposed was excessive. Although a sentence is within the statutory limits, it may violate a defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is excessive if it is grossly out of proportion to the severity of the crime or if it is nothing more than a purposeless and needless imposition of pain and suffering. State v. Phagans, 412 So.2d 580 (La.1982). However, the trial judge is given wide discretion in the imposition of sentence, and his decision should not be upset absent a manifest abuse of that discretion. State v. Prados, 404 So.2d 925 (La.1981); State v. Granier, 442 So.2d 1162 (La.App. 3 Cir.1983), writ denied, 444 So.2d 1214 (La.1984). In the present case, defendant’s one-year sentence is not constitutionally infirm. As we noted above, defendant’s sentence is well within the lower limits of the statutory sentencing range. The one-year sentence imposed by the trial court is not grossly out of proportion to the severity of defendant’s crime.
DECREE
For the foregoing reasons, the conviction and sentence of defendant are affirmed.
AFFIRMED.