LeBLANC, Judge.
The defendant, Derrick Richard, was charged by bill of information with armed robbery in violation of La.R.S. 14:64. Richard pled guilty as charged and was sentenced to twenty years at hard labor, without benefit of parole, probation or suspension of sentence.
Defendant appeals urging as his one assignment of error that the trial court erred by imposing an excessive sentence and by failing to comply with the sentencing guidelines of La. Code Crim.P. art. 894.1. For the following reasons, we affirm the trial court’s decision.
FACTS:
On the evening of July 11, 1986, the victim, Anita Love, was attempting to enter her vehicle in front of her house when the defendant grabbed her from behind and held a knife to her neck. The defendant dragged Ms. Love behind her house, tied her up and stole her purse. The defendant then drove away in Ms. Love’s vehicle. The stolen vehicle was found two days later. The defendant was arrested after Ms. Love positively identified him from a photographic lineup as the perpetrator of the offense.
ASSIGNMENT OF ERROR:
In this assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence and by failing to comply with the sentencing guidelines of La. Code Crim.P. art. 894.1. We do not agree.
Article 1, Section 20, La. Constitution of 1974 prohibits the imposition by law of excessive punishment. Under La.R.S. 14:64, a sentence for armed robbery may be not less than five nor more than ninety-nine years at hard labor without the benefit of parole, probation, or suspension of sentence. The trial court imposed a twenty year sentence without the benefit of parole, probation, or suspension of sentence on the defendant which is well within the statutory limits.
It is well established that the imposition of a sentence, although within the statutory limit, may violate a defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is excessive if it is disportionate to the severity of the offense. State v. Morgan, 428 So.2d 1215 (La.App. 3d Cir.), writ denied, 433 So.2d 166 (La.1983). To determine whether the penalty is grossly disportionate to the crime, the court must consider the punishment and crime in light of the harm to society and determine whether the penalty is so disproportionate to the crime committed as to “shock our sense of justice.” State v. Bonanno, 384 So.2d 355 (La.1980).
The trial court is given wide discretion in the imposition of sentences within the statutory limits and the sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Phagans, 412 So.2d 580 (La.1982).
La. Code Crim.P. art. 894.1 sets forth guidelines which a trial judge must consider when imposing sentence. While the trial court is not required to articulate every such circumstance in imposing sentence, the record must reveal adequate consideration of the guidelines enumerated in art. 894.1. State v. Oliver, 499 So.2d 295 (La.App. 1st Cir.1986).
In the present case, the sentencing record reflects that the trial court considered the fact that the victim was placed in fear of her life, her automobile was taken from her and completely destroyed. The trial court found that the defendant was unemployed, classified as a third felony offender, and that there was definitely an undue risk that he would commit another offense if he was released upon society at that time. The trial court stated that the defendant had been arrested thirty times by the time he was 23 years old, had been violent at times, and had shown no remorse for his criminal activity.
*835 It is evident from the record that the trial judge gave adequate considerations to the sentencing guidelines set forth in La. Code Crim.P. art. 894.1. We do not find that the twenty year sentence imposed on the defendant is an abuse of the trial court’s discretion. We do not find that the sentence is so disproportionate to the crime committed as to shock our sense of justice.
For these reasons, the defendant’s sentence is affirmed.
AFFIRMED.