WATKINS, Judge.
Ramon A. Rodriguez was charged by bill of information with distribution of cocaine as classified under LSA-R.S. 40:964, Schedule 11(A)(4), in violation of LSA-R.S. 40:967(A). Defendant entered a plea of not guilty. Pursuant to an oral motion by the District Attorney, the charge was reduced to possession of cocaine, a violation of LSA-R.S. 40:967(C). Defendant then withdrew his plea of not guilty to distribution of cocaine and entered a plea of guilty to this charge. Defendant was subsequently sentenced to serve two years at hard labor with the Louisiana Department of Corrections, the execution of which was suspended. The court ordered defendant placed on supervised probation for a period of two years with the following special conditions: (1) pay a fine of $3,500.00; (2) serve ninety days in the parish jail; (3) submit to substance abuse evaluation and follow all recommendations for treatment; (4) furnish the probation officer with a certificate if no treatment is required; (5) submit to chemical analysis tests as directed by the probation officer; and (6) pay $10.00 per month to the Department of Corrections. In bringing this appeal, defendant argues that the sentence imposed was excessive.
The affidavit of probable cause for defendant’s arrest reveals that he was arrested after selling approximately one and one-half ounces of cocaine to an undercover state police narcotics agent. In a statement to a probation officer, as contained in the pre-sentence investigation report, defendant claimed that the cocaine was given to him as payment for some repair work he had performed a year earlier on a boat in Miami, Florida. Defendant had no intention of selling the cocaine until Scott Thompson, the narcotics agent, persistently badgered him to enter into a deal.
A majority of the Louisiana Supreme Court has held that Article I, Section 20 of the Louisiana Constitution of 1974 prohibits the imposition by law of excessive punishment and that, although a sentence may be within statutory limits, it may violate a defendant’s constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Morgan, 472 So.2d 934 (La.App. 1st Cir.1985). The trial judge is given wide discretion in the imposition of sentence within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Prados, 404 So.2d 925 (La.1981). The Code of Criminal Procedure sets forth the items which must be considered by the trial judge before passing sentence. LSA-C.Cr.P. art. 894.1. The trial judge need not recite the entire checklist of article 894.1, but the record must reflect that the judge adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984). The judge must, in effect, justify his sentence with factual reasons. Davis, 448 So.2d at 653. Even in the absence of adequate compliance with the mandate of art. 894.1, it is not necessary for this Court to remand the matter for resentencing in compliance with the article when the sentence imposed is not apparently severe in relation to the particular offender or the actual offense committed. Davis, 448 So.2d at 653.
Possession of cocaine is punishable by imprisonment with or without hard labor for not more than five years and a possible fine of not more than five thousand dollars. LSA-R.S. 40:967(0(2). Herein, defendant was placed on supervised probation for a period of two years with certain special conditions, including paying a $3,500.00 fine, serving ninety days in the parish jail, and submitting to substance abuse evaluation and treatment if necessary.
In imposing sentence in this case, the trial judge stated that he considered the guidelines set forth in LSA-C.Cr.P. art. 894.1, and found the following to be particularly applicable. Defendant is in need of correctional treatment that can be best provided by incarceration in the parish jail for the period specified. Also, any lesser sentence would deprecate the seriousness of the offense. The judge further stated that he gave great weight to the fact that defendant had no prior felony convictions and one prior D.W.I. conviction. Defendant *255 satisfactorily fulfilled the conditions of his probation on the misdemeanor conviction. The judge weighed against defendant the quantity of cocaine which defendant had in his possession at the time of his arrest.
We find that the trial judge individualized the sentence to the particular defendant for the particular crime involved. The record reflects that the judge complied with the sentencing guidelines of art. 894.1 and did not abuse the wide discretion afforded him in imposing sentence. We do not find the sentence imposed is excessive under the circumstances.
Defendant’s assignment of error is without merit.
AFFIRMED.