438 So.2d 252 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Henry HORNE, Defendant-Appellant.
No. CR82-840.
Court of Appeal of Louisiana, Third Circuit.
September 19, 1983.
Rehearing Denied October 18, 1983.
Richard V. Burnes, Alexandria, for defendant-appellant.
Lamar P. Culpepper, and R. Greg Fowler, Asst. Dist. Attys., Alexandria, for plaintiff-appellee.
Before DOUCET, YELVERTON and KNOLL, JJ.
*253 YELVERTON, Judge.
Defendant, Henry Horne, pleaded guilty to the charge of possession of methamphetamine, a controlled dangerous substance. He was sentenced to two years in the parish prison and fined $500. He has appealed on four assignments of error. All four assignments relate to the sentence.
The facts of the offense appear in the presentence investigation report in the record. The defendant told the probation officer that he owned and operated the Rainbow Club in Alexandria. He explained that one of his employees (who was also an undercover agent) asked defendant if he could provide her some "speed" (methamphetamine). He told her to look in his wallet. The agent found the methamphetamine in defendant's wallet and told him she would go into the back room to take it.
Defendant was later arrested and charged with distribution of methamphetamine [LSA-40:967(A)(1)]. He was permitted to plead guilty to the lesser and amended charge of possession [LSA-R.S. 40:967(C)].
The four sentencing errors assigned are that the trial court
(1) Failed to follow the sentencing guidelines of LSA-C.Cr.P. art. 894.1;
(2) Accorded undue weight to other charges against defendant based on alleged criminal activity which occurred between the time of his guilty plea to the present charges and the actual sentencing;
(3) Imposed illegal conditions on an unprobated sentence; and
(4) Imposed an excessive, cruel and unusual sentence.
Assignments one and two are interrelated and will be discussed together.
ASSIGNMENTS 1 AND 2
These assignments allege that the trial judge failed to comply with the sentencing guidelines of C.Cr.P. art. 894.1 and that he gave undue weight to impermissible criteria.
In passing sentence the trial judge referred to the presentence investigation report and observed that the defendant had a criminal record noting, however, that it was not a serious one. The court also commented that defendant had been originally charged with distribution but was allowed to plead guilty to the amended and lesser charge of possession of the controlled dangerous substance. The court observed that both charges were serious matters. Finally, the sentencing court noted that after defendant pleaded guilty to possession of methamphetamine, he had been "engaged in an alleged criminal activity." The criminal activity alluded to consisted of charges involving eight counts of deer hunting violations.
Defendant argues specifically that the trial court failed to comply with the statutory guidelines by failing to enumerate existing mitigating circumstances. The sentencing judge mentioned only one circumstance mitigating against a heavier sentence, and that was that defendant's criminal record contained no serious offenses. The trial court was not made aware of any other mitigating circumstances and therefore did not commit reversible error in failing to mention any. See State v. Smith, 404 So.2d 210 (La.1981). Both during the preparation of the presentence investigation report and at the sentencing hearing the defendant was afforded an opportunity to provide mitigating factors, but he did not do so. Where the record clearly illumines the sentencing choice, the failure to fully comply with art. 894.1 does not invalidate the sentence. State v. Martin, 400 So.2d 1063 (La.1981); State v. Roberts, 427 So.2d 1300 (La.App. 2nd Cir.1983).
Defendant further argues that the trial judge erred in considering that he was originally charged with distribution of methamphetamine and allowed to plead to a reduced charge. This was not error. The trial court correctly observed that the defendant had been afforded an initial degree of leniency in being allowed to plead guilty to a lesser offense. This is a proper sentencing criterion, which supports the imposition *254 of a sentence in a higher statutory range of the lesser offense. See State v. Lanclos, 419 So.2d 475 (La.1982) and State v. Washington, 414 So.2d 313 (La.1982).
Defendant's final argument in connection with these two assignments is that the trial judge erred in considering the hunting violation charges lodged against him after he entered the guilty plea to possession of methamphetamine. This was not error. Both arrests and convictions may be considered in imposing sentence. State v. Williams, 412 So.2d 1327 (La.1982).
Neither of these assignments of error has merit.
ASSIGNMENT OF ERROR NO. 3
After imposing the prison sentence the judge told defendant that after his release he was not to associate with any known drug users or drug distributors. Defendant contends that this portion of the sentence was illegal since, not having been given a suspended sentence and probation, no such condition could be imposed upon him.
This assignment of error might have merit except that immediately following sentence, when the trial judge's attention was called to the apparent error, he corrected it by stating for the record that his statement was "more of a warning to the defendant, rather than a condition of probation". We accordingly find no merit to this assignment of error.
ASSIGNMENT OF ERROR NO. 4
Through this assignment defendant contends that his sentence is excessive.
The presentence report, unchallenged by defendant at the sentencing hearing, contained his description of activity which would constitute the crime of distribution of methamphetamine. He was, therefore, subjected to the possibility of a term of imprisonment at hard labor for ten years and to the payment of a $15,000 fine. LSA-R.S. 40:967(B)(3). The crime to which defendant pled guilty was possession of methamphetamine. That crime is punishable by a maximum of five years imprisonment with or without hard labor and by a fine of up to $5,000. LSA-R.S. 40:967(C)(2). The sentence imposed was two years imprisonment without hard labor and a $500 fine.
The penalties imposed are appropriate to both the offense and the offender. They are not so disproportionate as to shock our sense of justice. See State v. Bonanno, 384 So.2d 355 (La.1980). Therefore, this assignment is without merit.
For the foregoing reasons the sentence is affirmed.
AFFIRMED.