491 So.2d 180 (1986)
STATE of Louisiana
v.
Thomas VITAL, Sr.
No. CR86-11.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1986.
*181 Public Defenders Office, Lake Charles, for defendant-appellant.
Jerry G. Jones, Dist. Atty., Cameron, for plaintiff-appellee.
Before DOMENGEAUX and KNOLL, JJ., and BROYLES, J. Pro Tem.[*]
DOMENGEAUX, Judge.
The defendant, Thomas Vital, Sr., was charged by bill of information with possession of marijuana with intent to distribute in violation of La.R.S. 40:966(A)(1). On June 10, 1985, the defendant, having previously entered a plea of not guilty, withdrew his former plea and pleaded guilty. On July 24, 1985, the trial judge sentenced the defendant to serve four years with the Department of Corrections. The defendant appeals this sentence, urging two assignments of error.

ASSIGNMENT OF ERROR NO. 1
In this assignment of error, the defendant contends that the trial court erred in that the four year sentence given defendant is excessive.
The maximum sentence for possession with intent to distribute a controlled dangerous substance, Schedule I: Marijuana, is ten years at hard labor and a $15,000.00 fine. La.R.S. 40:966(B)(2). The law as set out by our Supreme Court states that a sentence, although within the statutory limits, may violate a defendant's constitutional right against excessive punishment under the particular circumstances of the case. State v. Sepulvado, 367 So.2d 762 (La.1979); and State v. Freeman, 474 So.2d 1035 (La.App. 3rd Cir.1985).
The appellate standard for determining whether a sentence is unconstitutionally excessive has been stated by this Court as follows:
"[A] sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980). In determining whether the penalty is grossly disproportionate, the court must consider `the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.' Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982); State v. Morgan, 428 So.2d 1215, at page 1216 (La.App. 3rd Cir. 1983), writ denied 433 So.2d 166 (La. 1983)."
In the presentence investigation report ordered by the trial judge, the 50 year old defendant is referred to as a fifth offender due to his extensive criminal record dating back to 1950. In sentencing the defendant, the trial judge stated:
"... He hasn't had any crimes since the crime against nature that directly affect persons, not crimes of violence, but he's had a constant flow of serious criminal activity; and the Court has to take that into consideration ...,"
Given the facts of this case, the penalty received by defendant does not appear to be so disproportionate to the crime *182 committed so as to shock this Court's sense of justice. Thus, it cannot be found that the trial judge abused his wide discretion in imposing sentence.[1]
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 2
The defendant asserts in this assignment of error that the trial court erred in not considering both the mitigating factors of La.C.Cr.P. Art. 894.1 and the fact of defendant's freedom from criminal conduct for many years.[2]
La.C.Cr.P. Art. 894.1 was enacted to assist the court in imposing appropriate sentences. It provides three factors weighing in favor of a sentence of imprisonment, or aggravating circumstances, and eleven factors weighing in favor of a probated or suspended sentence, or mitigating circumstances. The requirements of Article 894.1 are fulfilled when the record affirmatively shows that the district judge considered the statutory guidelines. State v. McDermitt, 406 S.2d 195 (La.1981). The trial judge need not articulate every aggravating and mitigating factor enumerated in Article 894.1 which he considered in imposing sentence. State v. Straughter, 406 So.2d 221 (La.1981).
In sentencing the defendant, the trial judge made the following remarks:
"... The Court has looked hard at the various mitigating factors for Mr. Vital. He does have people dependent upon him. He hasn't had any crimes since the crime against nature that directly affect persons, not crimes of violence, but he's had a constant flow of serious criminal activity; and the Court has to take that into consideration. In this particular case he arrives in Cameron with a substantial amount of marijuana in his possession for purposes of selling it and makes his entrance upon the scene for that sole purpose. He is the classic drug pusher when he's doing that, and the sentence must reflect the severity of that particular activity...."
His remarks show that he was aware of and considered the guidelines of La.C.Cr.P. Art. 894.1, which is all that is required. State v. Brian, 467 So.2d 878 (La.App. 3rd Cir.1985).
Furthermore, even if it were found that the trial judge failed to adequately consider the statutory guidelines in sentencing the defendant, where a sentence imposed is not apparently severe and in the lower range of the sentencing scale, a Court of Appeal need not remand for compliance with Article 894.1. State v. Jones, 412 So.2d 1051 (La.1982); State v. Rainwater, 448 So.2d 1387 (La.App. 3rd Cir.1984). In the instant case, the defendant was given a four year sentence when he could have received a ten year sentence and a $15,000.00 fine. Additionally, in viewing the defendant's past criminal history, it does not appear that the sentence imposed is apparently severe in relation to the offender and the offense. Thus, even though 894.1 were not complied with, the sentence, inasmuch as it is in the lower range of the sentencing scale and is not apparently severe, would not be remanded for compliance with Article 894.1. Accordingly, this assignment of error is without merit.
For the above and foregoing reasons the conviction and sentence of the defendant are affirmed.
AFFIRMED.
NOTES
[*] Judge Ted R. Broyles of the Thirtieth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir. 1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir. 1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; see also State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.
[2] According to the presentence investigation report, the defendant has not been free from criminal conduct for 18 years as he alleges in his brief. (Defendant's brief, p. 12). The defendant was arrested in 1973, 1978, and as late as 1982. (See P.S.I. pp. 16, 17). This contention, thus, has no merit.