495 So.2d 1341 (1986)
STATE of Louisiana, Plaintiff-Appellee,
v.
Ralph John VIATOR, Defendant-Appellant.
No. CR85-1012.
Court of Appeal of Louisiana, Third Circuit.
October 21, 1986.
*1342 Richard P. Weimer, LaFayette, for defendant-appellant.
Charles Brandt, Asst. Dist. Atty., LaFayette, for plaintiff-appellee.
Before FORET, J., and PLANCHARD and McNULTY, JJ. Pro Tem.[*]
ARTHUR J. PLANCHARD, Judge Pro Tem.
The defendant, Ralph John Viator, was charged by bill of information with: (1) possession of cocaine with intent to distribute, a violation of La.R.S. 40:967, (2) possession of methaqualone with intent to distribute, a violation of La.R.S. 40:967, and (3) possession of marijuana with intent to distribute, a violation of La.R.S. 40:966. The defendant entered a plea of not guilty to each of the charges against him. On January 15-16, 1985, the defendant was tried before a twelve person jury and found guilty of possession of cocaine with intent to distribute. On June 19, 1985, the defendant was sentenced to serve ten (10) years at hard labor.

FACTS
On January 6, 1983, narcotics agents of the Louisiana State Police and Lafayette Parish Sheriff's Office executed a search warrant at the residence of Harold Gaspard in a trailer park in the Carencro area. Officer John Bourque, narcotics agent for the Lafayette Sheriff's Office testified at trial that just prior to the officers' entering of the trailer, he stationed himself at the front of the trailer and was able to see in the window. Officer Bourque observed three white males, including defendant, playing with plastic bags on a scale on the dresser. These bags contained a white powdery substance and were being placed on a triple beam scale. When Officer Duplantis entered the trailer, the defendant and another man placed the plastic bags containing the white substance into the dresser drawer. This substance was later determined to be cocaine.
Officer Duplantis, upon forcibly entering the trailer viewed three bags of suspected marijuana in the bedroom and immediately placed everyone under arrest. The trailer was searched as per the warrant, and among the many controlled substances which were recovered were eleven (11) *1343 grams of cocaine located in the dresser drawer in the master bedroom.
Defendant now appeals from his conviction and sentencing and makes the following assignments of error:
1. The State failed to carry its burden of proving each element of the crime beyond a reasonable doubt.
2. The trial court erred in permitting the State to introduce improper evidence in rebuttal.
3. The trial court erred in permitting officer Russel Ancelet to testify as an expert in the field of packing and distribution of controlled dangerous substances.
4. The trial court erred in imposing an excessive sentence and in failing to articulate the reasons for the sentence.
5. All errors patent on the face of the record.
These assignments of error will be considered in the order in which they have been assigned.

ASSIGNMENT OF ERROR NO. 1
Through this assignment the defendant contends the State failed to carry its burden of proving each element of crime beyond a reasonable doubt. Specifically, the defendant argues that the evidence presented failed to establish defendant's actual or constructive possession of the cocaine.
The standard of review as to the sufficiency of the evidence is whether viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have concluded beyond a reasonable doubt proof of each element of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984).
Defendant was convicted of possession of cocaine with intent to distribute in violation of La.R.S. 40:967 (A) which states:
Sec. 967 Prohibition actsSchedule II; penalties
A. Manufacture; distribution. Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II;
(2) To create, distribute or possess with intent to distribute, a counterfeit controlled dangerous substance classified in Schedule II.
Officer Harvey Duplantis testified at trial that he participated in the investigation of the defendant, and that on January 6, 1983 a confidential informant supplied him with some information concerning a possible narcotics purchase. Upon obtaining further information, Officer Duplantis executed a search warrant at the residence of Harold Gaspard in the Carencro area. The informant was then equipped with a body microphone and kept under visual surveillance. The informant then returned to the trailer park and entered the residence, with Officer Duplantis monitoring all conversation. While the informant was in the trailer, he attempted to purchase several qualudes. During this conversation, the informant was told that some individuals would arrive shortly with either cocaine or dope. The informant was asked to wait around to see if he wanted to purchase anything. The informant then excused himself and stepped outside the residence and advised Officer Duplantis of the situation. The informant then re-entered the trailer.
A few minutes later, the defendant arrived in a tan Oldsmobile. Within a few moments a yellow Cadillac drove up and parked behind the defendant's car. The man in the Cadillac and the defendant both entered the trailer and began to converse with the men inside. Officer Duplantis who was monitoring the conversation heard the men say hello, and someone asked if they had the stuff. Officer Duplantis then heard the sound of paper bags crumpling. Officer Frusha then arrived with the search warrant, and Officer Duplantis approached the trailer and knocked on the front door. When a man answered the *1344 front door, Officer Duplantis produced the search warrant, his badge and informed the man he was with the Narcotics Section of the Louisiana State Police.
Upon pushing the door open, Officer Duplantis observed a pistol laying on the floor near a chair. At this point, the officers entered the trailer to prevent anyone from grabbing the gun. As Officer Duplantis entered the trailer, he heard someone running and noticed that door had been shut. Officer Duplantis also heard other agents talking loudly from outside the front of the trailer. Upon forcing the bedroom door open, Officer Duplantis viewed two men standing near a dresser in the master bedroom and one man who was apparently in the restroom. There were clear plastic bags containing green vegetable matter (later determined to be marijuana) laying on the bed. Everyone was then arrested and the rest of the trailer was searched as per the search warrant. Among the many controlled substances which were found were eleven grams of cocaine located in the dresser drawers in the master bedroom.
Officer John Bourque, a narcotics agent for the Lafayette Parish Sheriff's Office, testified that just prior to Officer Duplantis entering the trailer he was stationed at the front of the trailer and was able to see in the window. Officer Bourque observed three white males including defendant playing with plastic bags and a scale on the dresser. These bags contained a white powdery substance and were being placed on a triple beam scale on the dresser. When Officer Duplantis entered the trailer, the defendant and another man placed the plastic bags containing the white substance into the dresser drawer. This substance was later determined to be cocaine.
Officer Roy Frusha also viewed these three males standing next to the dresser in the master bedroom. On the dresser there was a triple beam scale. On the scale was a clear plastic pouch containing some white powder. This testimony corroborates that of Officer Bourque.
In State v. Sweeney, 443 So.2d 522 (La. 1983) the Louisiana Supreme Court examined a convicted defendant's sufficiency of the evidence assignment in reviewing a possession conviction and stated:
"One need not actually possess the controlled substance to violate the prohibition against possession thereof, constructive possession being sufficient. A person may be in constructive possession of a drug even though it is not in his physical custody if it is subject to his dominion and control. Also, a person may be deemed to be in joint possession of a drug if he willfully and knowingly shares with a companion the right to control it."
In the case at bar, the defendant and two other men were observed weighing and packaging a substantial amount of cocaine. In accordance with Sweeney, supra, this is sufficient to prove defendant's constructive or actual possession of the cocaine.
In viewing this evidence in a light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the defendant had either actual or constructive possession of the cocaine, scales and packaging equipment in the dresser and was therefore properly convicted of possession of cocaine, a schedule II controlled substance, with intent to distribute, in violation of La.R.S. 40:967(A)(1).
This assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 2 AND 3
Neither of these assignments of error have been briefed nor argued and therefore are considered abandoned. State v. Alexander, 437 So.2d 991 (La.App. 3rd Cir. 1983).

ASSIGNMENT OF ERROR NO. 4
In defendant's fourth assignment of error he contends the trial court erred in imposing an excessive sentence and in failing to articulate the reasons for the sentence.
Defendant was sentenced to ten (10) years at hard labor, which is the maximum sentence under La.R.S. 40:967(B)(3). The *1345 defendant argues that the sentencing judge failed to adequately articulate for the record the factors that justify a maximum sentence and that the judge did not consider any of the factors mitigating against imprisonment listed in La.Code of Crim. Proc. art. 894.1.
A sentence is excessive if it is grossly out of proportion to the severity of the crime, or if it is nothing more than a purposeless and needless imposition of pain and suffering. State v. Phagans, 412 So.2d 580 (La.1982). However, the sentencing judge is given wide discretion in the imposition of sentences and his decision should not be upset absent a manifest abuse of discretion. State v. Prados, 404 So.2d 925 (La.1981); State v. Granier, 442 So.2d 1162 (La.App. 3rd Cir.1983), writ den. 444 So.2d 1214 (La.1984).
The sentencing transcript reveals the judge's deliberations in sentencing the defendant. The judge was aware of the defendant's extensive criminal record which consists of several burglaries including aggravated burglary, assault and escape in both Texas and Louisiana. The judge also mentioned that he was aware that the cocaine was not found at the defendant's residence, but that of another individual. This reflects that the sentencing judge evaluated both the aggravating and mitigating circumstances.
In State v. Horne, 438 So.2d 252 (La. App. 3rd Cir.1983), the court addressed a convicted defendant's contention that the trial court failed to adequately consider the statutory guidelines by failing to enumerate existing mitigating circumstances.
In Horne, the court, at 253, states:
"Defendant argues specifically that the trial court failed to comply with the statutory guidelines by failing to enumerate existing mitigating circumstances. The sentencing judge mentioned only one circumstance mitigating against a heavier sentence, and that was that defendant's criminal record contained no serious offenses. The trial court was not made aware of any other mitigating circumstances and therefore did not commit reversible error in failing to mention any. See State v. Smith, 404 So.2d 210 (La. 1981). Both during the preparation of the presentence investigation report and at the sentencing hearing the defendant was afforded an opportunity to provide mitigating factors, but he did not do so. Where the record clearly illumines the sentencing choice, the failure to comply fully with art. 894.1 does not invalidate the sentence. State v. Martin, 400 So.2d 1063 (La.1981); State v. Roberts, 427 So.2d 1300 (La.App. 2nd Cir.1983)."
In the present case, as in Horne, supra, the defendant had an opportunity at the sentencing hearing or earlier to inform the judge of any other mitigating circumstances other than those mentioned. In view of the defendant's extensive criminal record and apparent lack of significant mitigating factors it cannot be said that the sentencing judge's determination that the defendant should be given the maximum term of incarceration (ten years) was a manifest abuse of discretion.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 5
In this assignment of error defendant requests an examination of the pleadings and proceedings for any errors patent on the face of the record.
Accordingly, we have conducted a careful examination of the record before us pursuant to La.Code of Crim.Proc. art. 920 and have found no errors patent of the face of the record.
This assignment of error is without merit.
For the above and foregoing reasons defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[*] Judge Arthur J. Planchard, of the 14th Judicial District Court, and Michael J. McNulty, Jr., of the 16th Judicial District Court, participated in this opinion by appointment of the Louisiana Supreme Court as Judges Pro Tempore.