506 So.2d 1380 (1987)
STATE of Louisiana
v.
Leroy HAMMOND.
No. CR 86-1064.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1987.
*1381 George L. Higgins, III, Higgins & Starling, Pineville, for defendant-appellant.
R. Greg Fowler, Robert G. Levy, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, DOUCET and KNOLL, JJ.
DOMENGEAUX, Judge.
Defendant, Leroy Hammond, was indicted by a Rapides Parish Grand Jury for possession with intent to distribute cocaine, in violation of La.R.S. 40:967 A(1). On March 21, 1986, he pleaded guilty to the charge. On August 11, 1986, Judge Richard E. Lee of the Ninth Judicial District *1382 Court sentenced defendant to five years at hard labor. Defendant now appeals his sentence as excessive.

ASSIGNMENT OF ERROR NO. 1
By this assignment of error, defendant argues that his sentence is unconstitutionally excessive and that the trial judge did not comply with the sentencing guidelines of La.C.Cr.P. art. 894.1. Specifically, defendant contends that he should have been given a suspended sentence or probation, under the authority of La.C.Cr.P. art. 893, instead of the five year sentence.
The punishment for violation of La.R.S. 40:967 A(1) is a term of imprisonment at hard labor for not less than five years nor more than thirty years, and in addition, defendant may be fined not more than $15,000.00.
Since the defendant was sentenced to the mandatory minimum sentence of five years, the issue here is whether the trial judge erred in not suspending his sentence and placing him on probation.
Article 1, Section 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence may be within the statutory limits, yet still be violative of a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979).[1] A sentence is excessive if it is grossly out of proportion to the severity of the crime, or if it is nothing more than a purposeless and needless imposition of pain and suffering. State v. Viator, 495 So.2d 1341 (La.App. 3rd Cir.1986). The sentencing judge, however, is given wide discretion in the imposition of sentencing and his decision should not be upset absent a manifest abuse of that discretion. Viator, supra; State v. Granier, 442 So.2d 1162 (La.App. 3rd Cir. 1983), writ denied, 444 So.2d 1214 (La. 1984).
La.C.Cr.P. art. 894.1 provides guidelines for the court to follow in the imposition of sentences and mandates that the sentencing judge state for the record the considerations taken into account and the factual basis for his conclusions in imposing sentences to assure that each sentence is individualized to the offender as well as to the offense. State v. Trahan, 412 So.2d 1294 (La.1982). Even though the sentencing court need not articulate every aggravating and mitigating circumstance contained in Article 894.1, the record must reflect that adequate consideration was given to these codal guidelines in particularizing the defendant's sentence. State v. Perry, 470 So.2d 426 (La.App. 3rd Cir. 1985). It is not improper for the judge to take into account larger sociological concerns in imposing sentence, as long as the sentence is particularized to the defendant. State v. Ray, 423 So.2d 1116 (La.1982); State v. Bourgeois, 406 So.2d 550 (La. 1981). The sentencing court's failure to adequately comply with Article 894.1 does not necessitate invalidation of a sentence or warrant a remand for sentencing if the record clearly illuminates and supports the sentencing choice. State v. Smith, 430 So.2d 31 (La.1983).
Furthermore, even if the sentencing judge failed to adequately consider the statutory guidelines, where the sentence imposed is not apparently severe and is in the lower range of the sentencing scale, an appellate court need not remand for compliance with Article 894.1. State v. Vital, 491 So.2d 180 (La.App. 3rd Cir.1986).
The defendant argues that the sentencing guidelines of La.C.Cr.P. art. 894.1 subsection B(7) through (11) point favorably to his receiving probation or suspension of sentence. Additionally, defendant argues that the record does not support a finding that there is an undue risk of his committing *1383 another crime if given a suspended sentence. Defendant further argues that although he pleaded guilty to the crime, he was nominally involved in the drug transaction that led to his guilty plea, contending that he was only the driver for the seller of the cocaine. The defendant also argues that the State's contention that he was planning to "rip off" the narcotics agents at the time the crime was committed is not true, pointing out that the State dropped the charge of conspiracy to commit an armed robbery which was lodged against him.
In support of the defendant's position were numerous letters received from members of his community. The defendant also stated that he was and is willing to submit to a substance abuse program and to testing to satisfy the court that he is free from any drug use.
Opposing the defendant's request for a suspended sentence or probation is the presentence report. Additionally, the State contends that defendant's sentence is not excessive and that the defendant's assertions that he was just along for the ride are contrary to the evidence. The State submits that a statement from the defendant's co-defendant Clyde Jackson supports their contention that the defendant here was planning to rob the narcotics agents at the time the drugs were to be purchased. In addition, the State claims that the dismissal of the conspiracy to commit armed robbery count was the result of plea negotiations. This is corroborated by the defendant's "Petition to Enter Plea of Guilty and Order".
The trial judge, relying on the presentence report which is in the record, believed that the defendant was still involved in dealing drugs, although defendant denies this. The trial judge also believed, based on the presentence report, that defendant was planning to "rip off" the narcotics agents. He took these factors into account in sentencing the defendant.
Our review of the record shows that the sentencing judge considered the possibility of suspending the defendant's sentence or of placing him on probation. The defendant's counsel vigorously argued this position at the sentencing hearing. We find that the sentencing judge's imposition of the minimum sentence of imprisonment demonstrates that he did consider the applicable mitigating factors, but that, given the facts of this case, he nonetheless concluded that a term of imprisonment was warranted. We conclude that the sentencing judge's decision not to suspend the defendant's sentence or to place him on probation was not an abuse of his discretion.
Furthermore, since the sentence imposed is not apparently severe and is in the lower range of the sentencing scale, a remand for compliance with La.C.Cr.P. art. 894.1 would not be required had the sentencing judge failed to consider the mitigating factors.
We are also convinced that the sentencing judge did not impermissibly sentence the defendant as an example to society. A desire to teach others a lesson is not an acceptable basis for imposing a particular penalty on a defendant. State v. La-Fleur, 391 So.2d 445 (La.1980); State v. Vampran, 459 So.2d 1333 (La.App. 1st Cir. 1984). The record reveals that in this case the sentencing judge properly individualized the sentence he gave the defendant. The judge particularly took into account the circumstances surrounding the crime, as well as the defendant's youth and the support members of his community had given him. While the sentencing judge expressed his general concern about the trafficking of drugs, it is clear that in sentencing the defendant he particularized the penalty based on the facts in this case.
Finally, we conclude that the defendant's sentence of five years at hard labor is not unconstitutionally excessive. The maximum possible sentence the defendant was exposed to was thirty years imprisonment at hard labor. The trial judge gave him the minimum term under the statute. This sentence is not so disproportionate given the facts surrounding the defendant's participation in the crime so as to shock our sense of justice, nor so excessive, given the sentencing court's wide discretion, that it can be considered an abuse of that court's discretion. Therefore we do *1384 not find the defendant's sentence to be unconstitutionally excessive.
For the foregoing reasons, the defendant's sentence is affirmed.
AFFIRMED.
NOTES
[1] The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir. 1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; see also State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.