524 So.2d 179 (1988)
STATE of Louisiana
v.
Gary HALL.
No. KA-8715.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 1988.
*180 James A. Dunn, Jr., New Orleans, for appellant.
Harry F. Connick, Dist. Atty., William A. Marshall, Asst. Dist. Atty., New Orleans, for appellee.
Before GULOTTA, C.J., and LOBRANO and WARD, JJ.
LOBRANO, Judge.
Defendant, Gary J. Hall, was charged by bill of information with possession of phencyclidine (PCP), a violation of La.R.S. 40:966.
On November 25, 1986, defendant was arraigned and pled not guilty. Trial was held on May 20, 1987 and defendant was found guilty of attempted possession of PCP by a twelve member jury. Defendant pled guilty to the multiple bill filed by the state. Defendant waived all sentencing delays. He was sentenced to serve twenty (20) months at hard labor with credit for time served to run concurrently with any other sentence.
FACTS:
On October 14, 1986, at approximately 2:00 a.m., Officers Fred Wagner and James Pollard observed a blue Oldsmobile exiting a service station at the intersection of Martin Luther King Boulevard and South Claiborne Avenue. The vehicle's head lights and tail lights were not on. A near collision occurred with another vehicle. The officers then observed the Oldsmobile driving into the Calliope Project. They followed and pulled the vehicle over to the side of the street. Defendant and the driver of the car, Gary Truvia, got out of the car. When asked for his driver's license and vehicle registration, Truvia responded that they were in the car. Officer Wagner accompanied Truvia to the driver's door. When Truvia opened the door, Wagner noticed the distinctive and powerful odor associated with PCP. Wagner then instructed Truvia to go to the rear of the car and wait there with Officer Pollard. Wagner then looked inside the vehicle and observed on the passenger side of the front seat a hand-rolled marijuana cigarette that proved to be the source of the odor. Officer Pollard testified at the trial that defendant, the passenger in the vehicle, was under the influence of either alcohol or drugs at the time of his arrest. Both men were arrested for possession of PCP. Truvia pled guilty to the charge of possession of PCP. At defendant's trial, Truvia testified that the "joint" belonged to defendant who possessed it when both men left a party earlier that night.
Defendant appeals his conviction and sentence asserting that as a matter of law it was manifest error for the jury to have found him guilty of attempted possession of PCP in view of the fact that there was no showing that he ever possessed any of the illegal drug nor ever exercised any dominion or control over it. We disagree.
When reviewing for sufficiency of the evidence, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982). In addition, when circumstantial evidence partly forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La. 1983); State v. Austin, 399 So.2d 158 (La. 1981); State v. Bailey, 457 So.2d 94 (La. App. 4th Cir.1984).
*181 La.R.S. 15:438 provides that, assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. La.R.S. 15:438 is not a separate test from Jackson but rather an evidentiary guideline to "facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt." State v. Porretto, 468 So.2d 1142 (La.1985); State v. Wright, 445 So.2d 1198 (La.1984). All evidence, both direct and circumstantial must meet the Jackson reasonable doubt standard. State v. Porretto, supra.
To support a conviction for attempted possession of a controlled dangerous substance in violation of La.R.S. 40:966, the state must prove that the defendant was (1) in possession of the illegal drug and (2) that he knowingly possessed the drug. Attempted possession of PCP is a responsive verdict to the charge of possession of PCP. C.Cr.P. Art. 814(A)(49); La.R.S. 40:979.
The state need not prove that a defendant was in actual physical possession of the drugs found; constructive possession is sufficient to support a conviction. State v. Trahan, 425 So.2d 1222 (La.1983).
The mere presence of the defendant in the area where the drugs are found, or the mere fact that the defendant knows the person in actual possession is insufficient to prove constructive possession. State v. Trahan, supra; State v. Johnson, 404 So.2d 239 (La.1981), cert. den.; Kelly v. Louisiana, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982). However, a person found in the area of the contraband may be considered in constructive possession if the illegal substance is subject to his dominion and control. State v. Trahan, supra; State v. Johnson, supra; State v. Smith, 257 La. 1109, 245 So.2d 327 (1971); or in joint possession of a drug which is in the physical possession of a companion, if he willfully and knowingly shares with the other the right to control the drug. Guilty knowledge is the essential element. State v. Trahan, supra, citing State v. Smith, supra. See also, State v. Hayes, 488 So.2d 1287 (La.App. 4th Cir.1986). The determination of whether there is possession sufficient to convict depends on the facts peculiar to each case. State v. Trahan, supra citing State v. Cann, 319 So.2d 396 (La. 1975).
Several factors to be considered in determining whether a defendant exercised "dominion and control" over narcotics to constitute constructive possession are as follows:
"... a defendant's knowledge that illegal drugs are in the area; the defendant's relationship with the person found to be in actual possession; the defendant's access to the area where the drugs were found; the evidence of recent drug use by the defendant; the defendant's physical proximity to the drugs; and any evidence that the particular area was frequented by the drug users." State v. Tasker, 448 So.2d 1311,1314 (La.App. 1st Cir.1984), citing Bujol v. Cain, 713 F.2d 112 (5th Cir.1983).
Defendant argues that the only evidence presented at trial to associate him with the ownership of the PCP was the testimony of his co-defendant, Gary Truvia. Defendant asserts Truvia's testimony was tainted and not credible in that he admitted receiving a suspended sentence in exchange for his testimony against defendant. Whether Truvia's testimony was or was not credible is not within the province of this court to decide. State v. Richardson, 425 So.2d 1228 (La.1983).
Evaluations of credibility are well within the province of the jury as trier of fact. State v. Shephard, 332 So.2d 228 (La.1976); State v. Bailey, supra. Obviously, the jury believed Truvia's testimony.
Even if we reject Truvia's testimony, the evidence is sufficient for a rational trier of fact to have found defendant guilty of attempted possession of PCP. Officer Wagner smelled the distinct odor of PCP and found a marijuana cigarette on the front passenger seat where defendant had been seated. Officer Pollard testified that defendant, at the time of his arrest, was "under the influence" of either drugs or alcohol.
*182 For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.