DOMENGEAUX, Judge.
On September 9,1987, Jose Felix Quinte-ro, the defendant, pled guilty to the crime of possession of marijuana with the intent to distribute, a violation of La.R.S. 40:966(A)(1). On October 9, 1987, the defendant was sentenced to serve a term of five years, receiving credit for time served.
FACTS
On April 25, 1987, Quintero was driving his truck eastbound on Interstate 10 near Louisiana Highway 108. He was stopped because his vehicle was swerving. He consented to a search of his truck and seventy-five pounds of marijuana was discovered.
ASSIGNMENTS OF ERROR NUMBERS 1, 2 AND 3
The defendant argues by these assignments of error that the Trial Court erred in failing to comply with La.Code Crim.Proc. art. 894.1 and in sentencing him to an excessive sentence. Quintero contends that because he is a first offender, a family man and remorseful, he should have received a suspended sentence or probation.
*600 SENTENCE GUIDELINES
A Trial Judge is required to state for the record both the considerations he takes into account and the factual basis for the sentence imposed. La.Code Crim.Proc. art. 894.1; State v. Schaeffer, 414 So.2d 730 (La.1982); State v. Jackson, 360 So.2d 842 (La.1978). Trial Judges do not, however, have to state every aggravating and mitigating factor. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984); State v. Richardson, 438 So.2d 1315 (La.App. 3rd Cir.1983).
Judge Planchard in this instance considered that Quintero was a thirty-nine-year-old married, father of five children. He was advised that the defendant was a laborer and that imprisonment would be a financial hardship on his family. The Judge was also informed that Quintero had no history of criminal conduct and that he was remorseful.
Balanced against the above mitigating factors, Judge Planchard concluded that the offense to which the defendant pled guilty was very serious. The Judge stated that although the mere transportation of marijuana was not harmful to society, the potential harm once the drug was placed on the streets was immeasurable. Judge Planchard was of the opinion that Quintero did not consider the harm his activity could cause prior to engaging in it and that absent having to endure the hardship of imprisonment the defendant might easily return to criminal activity. The Judge stated that he found no grounds tending to justify or excuse Quintero’s conduct and that a lesser sentence would deprecate the seriousness of the offense.
The record reveals that the Trial Judge adequately considered the relevant mitigating and aggravating factors. We do not believe the appellant is correct in his contention that the dictates of article 894.1 were not satisfied.
The appellant also maintains that the Trial Court erred by imposing a sentence merely as a deterrent to society at large. The Trial Judge in his oral reasons stated that he desired the sentence:
[T]o be a deterrent to anyone, and to prevent them from committing another crime. And it should be a deterrent to the public to anyone considering committing such a crime.
The Judge also stated:
[Considering this sentence, the Court would hope to send a message to others who want to be couriers, to refrain from such conduct, because the trip that they take may be to a destination that they fully did not intend to take.
The Louisiana Supreme Court has held that a desire to teach others is not an acceptable basis for particularizing a penalty on a defendant. State v. LaFleur, 391 So.2d 445 (La.1980); State v. Touchet, 372 So.2d 1184 (La.1979); State v. Hammond, 506 So.2d 1380 (La.App. 3rd Cir.1987). It is not, however, improper for a trial court to consider larger sociological concerns when imposing a sentence as long as that sentence is particularized to the defendant. State v. Ray, 423 So.2d 1116 (La.1982); State v. Bourgeois, 406 So.2d 550 (La.1981).
We believe that Judge Planchard’s reasons are sufficiently particularized to this defendant and that the sentence imposed was not handed down solely to discourage others from criminal activity. When the above quoted statements are read in conjunction with the Judge’s entire sentencing remarks, it is obvious that Quintero was sentenced based upon the facts of this case and that Judge Planchard merely hoped that others would learn from his wrong. This assignment of error lacks merit.
EXCESSIVE SENTENCE
The defendant maintains in this assignment of error that the sentence imposed by the Trial Court is excessive. A sentence is unconstitutionally excessive and violates Article 1, Section 20 of the Louisiana Constitution of 1974 if it is grossly disproportionate to the severity of the offense or nothing more than a needless infliction of pain and suffering. State v. *601 Ratcliff, 416 So.2d 528 (La.1982); State v. Bonnano, 384 So.2d 355 (La.1980).
Quintero received a five year sentence for the possession of marijuana with intent to distribute. Pursuant to La.K.S. 40:966(B)(2) the defendant could have been sentenced up to ten years imprisonment at hard labor and a fine.[1] Although the defendant received a mid-range sentence, we are aware that the jurisprudence permits the defendant an excessiveness review.[2] State v. Sepulvado, 367 So.2d 762 (La.1979).
In the case at bar, the defendant is a first offender who pled guilty and who suggests he is remorseful. Defendant is also a family man with five children and imprisonment will work a hardship on his family. Among the aggravating factors, however, is the fact that the defendant was transporting a significant quantity of marijuana, seventy-five pounds and the fact that the Trial Judge believed that Quintero might again become involved in criminal activity if the sentence did not serve as a deterrent. Subsequent to our review of the record, we readily conclude that this assignment has no merit.
For the above and foregoing reasons, the sentence of Jose Felix Quintero is affirmed.
AFFIRMED.

. La.R.S. 40:966(B)(2) has since been changed. Those convicted of distributing a Schedule I (non-narcotic) CDS now receive a minimum sentence of five years, up to a thirty year maximum, and a fine.

. The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See, State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983); State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.