546 So.2d 963 (1989)
STATE of Louisiana
v.
Gerald D. WILLIAMS.
No. CR88-1085.
Court of Appeal of Louisiana, Third Circuit.
July 5, 1989.
*964 George Lewis Higgins, III, Higgins & Starling, Pineville, for Gerald D. Williams.
Michael Henry, Dist. Atty., Natchitoches, for State.
Before STOKER, LABORDE and YELVERTON, JJ.
STOKER, Judge.
The defendant, Gerald D. Williams, was charged by bill of information with the crime of possession of cocaine with the intent to distribute, a violation of LSA-R.S. 40:967(A). On March 29, 1988 a jury of 12 found the defendant guilty as charged by a vote of ten to two. On June 24, 1988 the trial judge denied the defendant's motion for new trial and sentenced the defendant to 15 years at hard labor. The defendant is appealing his conviction and sentence based on 11 assignments of error, two of which have been abandoned. Having resolved the case under the first assignment, the other assignments have not been reviewed. We reverse.

FACTS
On December 3, 1977 the Natchitoches Parish Sheriff's Department was investigating the defendant for narcotics trafficking. Defendant was allegedly from California but paying a visit to his parents in Louisiana. Two officers of the sheriff's department gave a confidential informant one $20 bill, one $10 bill and one $5 bill to make a controlled buy from the defendant. The officers recorded the serial numbers on the money and sent the informant to an apartment rented by James McIntyre in Natchitoches, Louisiana. The informant exited the apartment with one white rock of cocaine. The informant did not testify at trial, but an officer testified that the informant was believed to have bought the cocaine from defendant.
The officers returned later that night to search the apartment. Upon arriving at the apartment, the officers discovered that *965 defendant's car was gone. A little after midnight, the officers found defendant's car parked at a local gas station. The defendant was in the passenger's seat, while his friend James McIntyre was driving. There were two other men, Garrett and Johnson, in the backseat. The officers had all of the men get out of the car.
During the pat down of the defendant, the officers removed a loaded .380 automatic handgun from the waistline of the defendant's pants. The officers also removed $336 from the defendant's sock which did not include any of the marked bills. The officers removed some .357 shells and a bag of marijuana from the coat pocket of Mr. McIntyre. At the sheriff's station the officers further discovered around six grams of cocaine powder and 15 rocks of crack cocaine in the sock of Mr. McIntyre. The marked $5 bill was found on Garrett, one of the individuals from the backseat, but the other marked bills were never recovered. Garrett testified that Johnson had loaned him the $5 bill.
The police had the defendant's car towed to the police station. During the inventory of the defendant's car, the officers discovered a loaded .357 magnum handgun and some .357 shells in a paper bag on the front seat. A 12-gauge shotgun and 30.06 rifle in a rifle case were found on the floorboard by the backseat. The officers found another.357 magnum handgun, five rounds of .357 shells, a triple beam balancing scale in the trunk of the car which defendant testified he used to weigh his food supplements, and defendant's clothing and personal effects. The officers returned to the apartment and seized another 15 rounds of .380 shells and two books of rolling paper.
There was testimony that one of the officers saw the defendant place a small plastic bag in his mouth as they approached his car at the gas station. However, the officers failed to take any action allegedly because they did not know the proper procedure to follow. Furthermore, they did not want to wake the district attorney to get advice because it was after one o'clock in the morning. The jailer testified that he overheard a conversation in jail wherein the defendant admitted to swallowing a small bag the night he was arrested.
Defendant was subsequently prosecuted for possession of cocaine with intent to distribute. No charges were filed relating to the marijuana, the guns or the alleged sale of cocaine to the confidential informant.

ASSIGNMENTS OF ERROR 1 and 2.
By the first assignment, the defendant contends that the trial court erred in finding him guilty because the evidence was insufficient to prove each and every element of the crime of distribution of cocaine beyond a reasonable doubt. As the defendant claims that the verdict was contrary to the law and evidence, he insists in the second assignment that the trial court erred in denying his motion for a new trial.
When reviewing the sufficiency of the evidence to support a conviction, an appellate court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the defendant to have committed the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Chism, 436 So.2d 464 (La.1983). Under LSA-R.S. 40:967(A)(1), the State must prove that defendant did knowingly or intentionally "produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II" in order to convict him for the crime of distribution of cocaine.
The first element the prosecution must prove is possession. The prosecution does not need to show that the defendant was in actual possession of the illegal substance in order to convict, only constructive possession. State v. Edwards, 354 So.2d 1322 (La.1978); State v. Norman, 434 So.2d 1291 (La.App. 3d Cir.1983). A person may be in constructive possession of the illegal substance, even though not in physical possession, if it is subject to his dominion and control. State v. Sweeney, 443 *966 So.2d 522 (La.1983); State v. Viator, 495 So.2d 1341 (La.App. 3d Cir.1986). A person may be deemed to be in joint possession of a drug which is in the physical custody of a companion, if he willingly and knowingly shares with the other the right to control it. State v. Smith, 257 La. 1109, 245 So.2d 327 (1971). However, in order to convict a person on the basis of constructive possession, something more than mere presence in the area where the drug is found or mere association with the person in actual custody of the drug must be shown. State v. Alford, 323 So.2d 788 (La.1975); State v. Cann, 319 So.2d 396 (La.1975). Being a resident of premises where a drug is found is not in and of itself sufficient to prove constructive possession. State v. Dunn, 446 So.2d 829 (La.App. 2d Cir.1984); State v. Alford, supra. Guilty knowledge is the essential element. State v. Hall, 524 So.2d 179 (La. App. 4th Cir.), writ denied, 531 So.2d 264 (La.1988).
There are several cases similar to the one before us now which discuss joint possession or control of drugs. In State v. Smith, supra, the court held that the defendant had joint possession of drugs actually in his wife's physical custody. The defendant was arrested while in his car with his wife who had physical possession of the heroin at the time. Essential to proof of the case against the defendant was evidence that he knew his wife had acquired the heroin because he told the police that he had paid the seller for it.
In State v. Alford, supra, the court found that the State failed to prove the two defendants had or shared dominion or control of marijuana found in a house in which defendants had stayed for several weeks (though it was rented by someone else), although defendants drove into the driveway of the house, pulled out and continued down the street at the time the house was being searched and defendants' names were on two prescription bottles found in the house.
In State v. Sweeney, supra, the court held that the State proved constructive possession of an illegal substance where police officers testified to twice observing the defendant talk to an individual who approached the house, then talk to his companion who would retrieve a matchbox, count out some pills and hand them to defendant who in turn would hand them to the buyer. The defendant was also observed receiving money from the buyer each time.
In State v. Dunn, supra, the court found the facts insufficient to establish the defendant's dominion or control over an illegal drug found in an apartment where the defendant resided of which another person was the lessee. The lessee pleaded guilty to possession of the drug and defendant was not at the apartment when the search and seizure took place. The court found that the most the State's evidence showed was defendant's close personal relationship with the lessee.
Finally, in State v. Hall, supra, the defendant was held to be in joint constructive possession of a PCP cigarette which was in plain view on the front seat of the vehicle in which the defendant was a passenger. The driver of the vehicle pleaded guilty to possession of the cigarette but testified at the defendant's trial that the cigarette belonged to the defendant.
In the case before us now the State presented evidence tending to show that: (1) cocaine was sold to a confidential informant by someone in McIntyre's apartment in exchange for marked bills, (2) defendant may have been in McIntyre's apartment at the time of the sale, (3) McIntyre, Johnson and one other person were with defendant in defendant's car when the police later stopped and searched them, (4) marijuana was found in McIntyre's coat pocket and cocaine was found in his sock, (5) a marked $5 bill was found on Garrett, allegedly loaned to him by McIntyre, (6) $336 was found on defendant, none of which were marked bills, (7) a small scale was seized from the trunk of the defendant's car, along with his clothing and personal effects, and (8) a jailer allegedly overheard, through a door voice box, defendant telling his cell mates that the reason they did not find anything on his person was that he had swallowed a small bag.
*967 The evidence did not show that: (1) the cocaine was sold to the confidential informant by defendant, (2) defendant was aware that McIntyre had drugs in his possession, (3) defendant shared dominion or control over the drugs with McIntyre, (4) defendant's scale was used to weigh drugs instead of food supplements (the scale was not tested for contraband residue), and (5) defendant swallowed a bag of contraband (defendant's stomach was not pumped or X-rayed).
After viewing the evidence in the light most favorable to the prosecution, we cannot conclude that a rational trier of fact could find the evidence sufficient to prove defendant had joint, constructive possession of the cocaine. Defendant's conviction is reversed and the sentence is vacated.
REVERSED AND VACATED.