KNOLL, Judge.
Defendant, Ricky Xavier Countee, pleaded guilty to distribution of cocaine, the charged offense, a violation of LSA-R.S. 40:967. After reviewing a presentence investigation report, the trial court sentenced defendant to serve seven years at hard labor with the recommendation that defendant be admitted to the Intensive Incarceration program and fined him $5,000. Defendant appeals his sentence, relying on four assignments of error. We affirm.
Defendant was arrested on December 14, 1990, for selling one-eighth ounce of cocaine to undercover agents for $200; the drug sale was made approximately three and one-half months prior to defendant’s arrest. On February 8, 1991, the court minutes reflect that defendant filed a waiver of not guilty plea, and a date for a jury trial was set by the trial court. Defendant withdrew his plea of not guilty on July 9, 1991, and entered a plea of guilty to the charge of distribution of cocaine. On December 20, 1991, the trial court sentenced defendant as outlined hereinabove.[1]
PRESENTENCE INVESTIGATION REPORT
Defendant contends that the trial court should have disregarded letters from the Alexandria Police Department which were submitted as part of the presentence investigation report. He argues that the letters are inflammatory and contain unsubstantiated, hearsay statements that he was a local drug kingpin.
In State v. Berain, 360 So.2d 822, 830 (La.1978), the Louisiana Supreme Court commented on LSA-C.Cr.P. Art. 877 as follows:
“Louisiana Code of Criminal Procedure Article 877 provides that the pre-sen-tence investigation report utilized by the judge in imposing sentence is privileged. ‘Before imposing sentence the court may advise the defendant or his counsel of the factual contents and conclusions of any pre-sentence investigation report.’ LSA-C.Cr.P. art. 877. In State v. Underwood, La., 353 So.2d 1013 (1977), this Court vacated the defendant’s sentence due to the trial court’s error in not allowing defense counsel access to the pre-sentence report and an opportunity to rebut a false statement in it. That holding is inapplicable to the present situation. In Underwood, there was proof that the pre-sentence report was materially and prejudicially false. Here, there is no such proof or allegation. Moreover, the record does not contain a request by the defense for the report. Absent such a request, we find no error.”
In the case sub judice, the record shows that defendant never asked the sentencing court for an opportunity to view the presentence investigation report. Moreover, despite defendant’s admission in brief that he obtained the information of these letters one day prior to sentencing, he did not request a continuance of the sentencing hearing to prepare a rebuttal nor did he offer any contradictory information to the sentencing court at the time of sentencing. After proceeding with sentencing without objection, defendant’s complaints of prejudice cannot now be heard on appeal. See, State v. Bindom, 410 So.2d 749 (La.1982).
Even assuming for purposes of argument that the letters were improper, the sentencing court made it clear for the rec *160 ord that it chose the particular sentence imposed prior to reading the letters.
For these reasons, we find that defendant’s assignment of error is without merit.
EXCESSIVENESS OF SENTENCE AND NON-COMPLIANCE WITH ART. 894.1
Defendant next contends that the sentencing court imposed an excessive sentence. He argues that the sentencing court failed to adequately consider mitigating circumstances and that the sentence was not particularized to him.
Initially, defendant complains that the sentencing court improperly considered the detrimental effect that drugs have on society at large. Because of this defendant states that the sentencing court failed to particularize the sentence. We disagree.
Recently, in State v. Winfield, 597 So.2d 1222, 1226 (La.App. 3rd Cir.1992), we stated:
“This court has held it is not improper for a judge to take into account larger sociological concerns in imposing sentence as long as the sentence is particularized to the defendant. State v. Hammond, 506 So.2d 1380 (La.App. 3d Cir.1987); State v. Quintero, 527 So.2d 598 (La.App. 3d Cir.1988). In Hammond, supra, the court held that although the judge expressed a general concern about the trafficking of drugs, the sentence was particularized to the defendant utilizing the guidelines of La.C.Cr.P. art. 894.1. In Quintero, supra, the court held that the judge’s statements regarding the effect of the sentence on others was proper since the sentence had been particularized to the defendant and the judge merely hoped others would learn from the defendant’s mistake.”
The law and jurisprudence on LSA-C.Cr.P. Art. 894.1, the need for particularization of sentences, and exeessiveness of sentence is well established and will not be repeated herein.
Defendant argues that he should have received a probated sentence because of his lack of prior criminal activity and the hardship imprisonment would entail for himself and family.
From the outset, we note that although defendant contends that imprisonment would impose an excessive hardship, this allegation is unsubstantiated. Accordingly, we do not find that defendant has presented anything for us to consider in the evaluation of this element.
Before imposing sentence in the present case, the sentencing court stated:
“Even before receiving the letters submitted by the District Attorney and the briefs submitted by your attorney, I had decided on a sentence based on the information in the pre-sentence investigative report, and very frankly after reading the information that was furnished to me by both your attorney and the District Attorney my opinion is fortified that my sentence is appropriate in your case. I have considered all the considerations set forth in Louisiana Code of Criminal Article 894.1, the crime you have pled guilty to did in fact admit to the Probation Department is a very serious crime. I think that you are aware that dope is ruining our society, it can destroy the people who use it, absolutely destroy them. I’ve seen many young men who were very promising who can’t do anything today, their minds are just like scrambled eggs from using dope. The crime that you pled guilty to is a big link in the chain of the destruction of these young people, it is a very serious crime. I feel that if I gave you a lesser sentence it would deprecate the seriousness of this crime. There is [sic] indications in the reports that I have that you are not really conscious of how serious this crime is, or what it does to our society, and to you, and that incarceration would be necessary in your case, that straight probation would not suffice to enlighten you as to what this crime is doing to you and to the people who are affected by it. On the other hand I feel like a lengthy incarceration would not be of benefit to you or society if there is any chance for you to understand what you are doing *161 here, and therefore, intensive incarceration is recommended,....”
After reviewing the sentencing colloquy, we find that the sentencing court stated for the record that it thoroughly reviewed defendant’s presentence investigation report. Accordingly, it is clear that the various mitigating factors, all of which were brought out in the report, were considered and rejected by the sentencing court. Furthermore by referencing the presentence investigation, the sentencing court also shows that it particularized defendant’s sentence and was not blinded by the larger societal concerns objected to herein by defendant.
The defendant emphasizes that the sentencing court failed to take into consideration that he was a first felony offender. As noted in State v. Johnson, 483 So.2d 230 (La.App. 3rd Cir.1986), a defendant’s status as a first felony offender does not preclude a sentence of incarceration.
In the present case, the sentencing court stated that a probated sentence would deprecate the seriousness of the offense and that it considered the distribution of cocaine to be a serious one. These reasons have been held sufficient to overcome defendant’s status as a first felony offender. State v. Capdeville, 438 So.2d 1310 (La. App. 3rd Cir.1983).
Defendant was sentenced to seven years at hard labor with a recommendation for admission into the Intensive Incarceration Program and he was assessed a $5,000 fine. The sentencing range for distribution of cocaine is five to thirty years at hard labor and a fine of not more than $15,000. Defendant’s sentence herein is clearly in the lower allowable range. Based on the record before us, we cannot say that defendant’s sentence is excessive.
For the foregoing reasons, we find that defendant’s assignments of error are without merit.
ERRORS PATENT REVIEW
LSA-C.Cr.P. Art. 930.8 requires that at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief. In the present case, the record shows that the sentencing court did not advise defendant of this prescriptive period.
A sentencing court’s failure to follow Art. 930.8 has no bearing on whether the sentence is excessive and thus is not grounds to reverse the sentence and remand for resentencing. LSA-C.Cr.P. Art. 921. The three year prescriptive period does not begin until the judgment is final under LSA-C.Cr.P. Arts. 914 or 922; accordingly, prescription is not yet running in the case sub judice.
The purpose of the notice requirement of Art. 930.8 is to inform defendant of the prescriptive period in advance. Therefore we direct the sentencing court to inform defendant of the provisions of LSA-C.Cr.P. Art. 930.8 by sending appropriate written notice to defendant within ten days of the rendition of this opinion and to file written proof that defendant received the notice in the record of the proceeding. State v. Cox, 604 So.2d 189 (La.App. 2nd Cir.1992).
DECREE
For the foregoing reasons, defendant’s sentence is affirmed. Costs of this appeal are assessed to defendant.
AFFIRMED.

. Defendant’s sentence was imposed prior to the effective date of the new sentencing statutes. Accordingly, these amendments and the procedure for raising excessiveness of sentence on appeal are inapplicable.